In the Matter of the Petition of the NEW YORK, LACKAWANNA AND WESTERN RAILWAY Co., Appellant, to appraise certain real estate of GEORGE R. W. WOLFE, Respondent.

Where, upon a hearing before commissioners appointed to appraise the damages, in proceedings to condemn lands for railroad purposes, the owner makes default, the Supreme Court, on motion to confirm the report of the commissioners, has power, the default being excused to open it, set aside the report and order a new hearing

(Submitted June 29, 1883; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 14, 1883, which reversed an order of Special Term confirming the report of commissioners appointed herein. (Reported below, 29 Hun, 602.)

Mr. Wolfe, the owner of the land, who made default on the hearing before the commissioners, on the motion to confirm the report, presented affidavits, explaining and excusing his default, and asked to have the same opened, the report set aside and a rehearing ordered; this application was denied.

*Chas. B. Wheeler* for appellant. All objections to the sufficiency of the proceedings prior to the appointment of commissioners have been waived by the owner's appearance before the commissioners, and cannot be raised on appeal. (*B. & N. Y. R. R. Co.* v. *Brainard*, 9 N. Y. 100; *In re B. H. T. & W. R. R. Co.*, 79 id. 64.) The proceedings being regular in all respects, the court had no discretion but to confirm the report. (*N. Y. & E. R. R. Co.* v. *Corey et al.*, 5 How. 177; *Same* v. *Coburn*, 6 id. 223; *Matter of N. Y. & J. R. R. Co.*, 21 id. 434.) The General Term had no power or authority to consider the affidavits made and read for the first time before it. On an appeal from the report, the court can only look at the matter contained in the report as the foundation for any order made on the appeal. No further affidavits will be received. (*N. Y. & E. R. R. Co.* v. *Corey*, 5 How. Pr. 177; *N. Y. & E. R. R. Co.* v. *Coburn*, 6 id. 223; *R. & O. R. R. Co.* v. *Field*, 38 id. 187.) Unless it appear that the commissioners erred in the principle on which they made their award, the report will not be sent back for review. (*T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169; *T. & B. R. R. Co.* v. *Turnpike Co.*, 15 id. 100; *In re Bushwick Avenue*, 48 id. 11; *In re Central Park*, 16 Abb. 56; *Matters Boston Road*, 27 Hun, 410.)

*George Wadsworth* for respondent. A new appraisal is a matter of legal right and not of discretion, and is to be exercised in cases like this, when a default is excused, or an unfair advantage has been taken of a party, or sharp practice indulged in. (*In re P. P. & C. I. R. R. Co.*, 20 Hun, 184; 2 R. S. [7th ed.] 1552, § 18; *In re N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 60; *In re N. Y. O. M. R. R. Co.*, 40 How. 335.) The respondent's default is sufficiently excused by his papers, and he makes an uncontradicted case, on which a Special Term would set aside a judgment taken by default, and upon which this court should affirm the order appealed from. (*In re N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 60.)

*Per Curiam.* This order should be affirmed. The petitioner explained and excused his default, on the motion for

confirmation, and asked that the report of the commissioners should be set aside and a new hearing be ordered. The Special Term refused the request and confirmed the report upon the express ground that they had no discretion in the matter, and could not for such reason refuse confirmation. In this respect the General Term held that the court below erred; that power to open the default and refuse confirmation existed; and that the case should be remitted to the Special Term for the exercise of its discretion. This ruling was correct. (*In re N. Y. Cent. & H. R. R. R. Co.*, 64 N. Y. 60.) While it is true that in the case cited a special motion was made by the land-owner on notice to the company, we can see no reason why the same question could not be raised on the motion to confirm, without resort to a separate proceeding.

The order of the General Term should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.