*T. A. Read,* (*A. S. Cassedy,* of counsel,) for appellant.   *Daniel Finn,* (*William Vanamee,* of counsel,) for respondent.

BARNARD, P. J.   William D. Harlow died intestate in 1874, leaving four children.   The plaintiff is one of them.   He left a widow, who has since died. He left a farm of land, which was sold in September, 1884, for $14,341.25. There was personal property sold to the amount of $1,670.75.   The whole of the proceeds of the real and personal estate went into the hands of the defendant at the time.   He managed the sale, which was perfected by a deed signed by the children of the deceased.   There was no arrangement between the plaintiff and defendant under which the defendant took the money for the farm.   He was a cousin of the plaintiff, and took the moneys for the children. He was administrator of the estate.   These payments were made at different times.   This action is brought to recover the balance due her from the proceeds of her father's property.   The personal estate was settled before the surrogate in 1880.   The defendant deposited the moneys he received, with the exception of a small sum represented by a note given for a part of the personal property in the Middletown National Bank.   The bank failed, and some 20 per cent. of the money was lost by the defendant.   The money had been in the bank about two months before the failure.   When the defendant received the money it was his duty to pay it over at once, and for that purpose to seek his creditor.   *Mills* v. *Mills,* 115 N. Y. 80, 21 N. E. Rep. 714. The deposit of the money for two months was wholly without authority, and the defendant cannot throw the loss occasioned thereby upon the plaintiff, who did not assent to the same.   There is nothing in the proof which will justify an inference that the plaintiff assented to defendant's custody of the money.   He claimed to keep it as administrator, and the plaintiff was not informed that he could not keep it as administrator until quite recently, and some years after he was discharged as administrator of the personal estate. The case thus shows a detention of money without authority, and the line of cases hold defendant's obligation to require immediate payment over. A loss by failure of the bank in such a case falls upon the debtor.   There are cases which hold a trustee or public officer who deposited money in a bank of good standing, and without negligence on his part, will not be liable if the bank fails.   *People* v. *Faulkner,* 107 N. Y. 477, 14 N. E. Rep. 415.   The facts found do not bring this case under the principle governing the liability of trustees or public officers.   The complaint is one upon contract.   The words averring a wrongful holding and a wrongful conversion are not inconsistent with an averment of a contract, and such words may be disregarded upon the trial.   *Conaughty* v. *Nichols,* 42 N. Y. 83.   Assuming a liability, there is no reason why the legal rate of interest should not be added.   The case cited for a contrary rule, (*King* v. *Talbot,* 40 N. Y. 76,) was as to the liability of a trustee and executor.   The defendant is liable if at all like any other debtor, and it is no defense that a bank in which he deposited money failed.   The judgment should be affirmed, with costs.

---

*In re* KINGS COUNTY EL. R. CO.

*In re* BRYAN.

(*Supreme Court, General Term, Second Department.*   December 10, 1890.)

EMINENT DOMAIN—PROCEDURE—REPORT OF COMMISSIONERS.
  In condemnation proceedings for the construction of an elevated railroad under the New York rapid transit act, (Laws 1875, c. 606,) commissioners appointed to ascertain the compensation certified, at the request of the railroad company, that they made no allowance on account of any benefits to the parties from the construction of the road.   The railroad company appealed from the confirmation of

the report. *Held*, that the court at special term could recommit the report to the commissioners to report further whether any benefits had accrued to the property from the railroad, and if so the value thereof.

Appeal from special term, Kings county.

Application by the Kings County Elevated Railway Company to acquire title to certain real estate or interests therein, under Laws N. Y. 1875, c. 606. Commissioners appointed thereon to ascertain and appraise the compensation to be made to Joseph Bryan and others made a report awarding compensation to said Bryan, which was confirmed. Thereafter, on motion of said Bryan, an order was made at special term recommitting the report to the commissioners, and requiring them to make a new report, stating "whether, in their judgment, any benefits have accrued to the property mentioned in said report from the railroad, and if so what is the cash value of such benefits, and also whether or not the said benefits have been deducted from the damages in estimating the same," etc. From this order the railway company appeals. For proceedings to enjoin the construction of the road on the ground that no compensation had been made to the abutting owners, see 1 N. Y. Supp. 383.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Leslie W. Russell* and *Welton Percy*, for appellant. *Smith, Woodward & Buckley*, for respondent, Bryan.

PRATT, J. Commissioners were regularly appointed, and made their report, which was confirmed. In their report the commissioners certified as follows, to-wit: In determining the amount of such compensations, we made no allowance or deduction on account of any real or supposed benefits which the parties in interest may derive from the construction of the road." Although this clause was inserted in the report at the instance of the counsel for the railroad, an appeal has been taken by the railroad company, and it may be possible that it was error on the part of the commissioners not to determine and take into account in assessing the damages any supposed benefits that might accrue to the owner of the lands from building the road, although it would seem that if upon hearing the railroad company made no claim for benefits, it ought not to be regarded as error if the commissioners failed to consider that question. It is but just, however, to both parties, that the report should be sent back in order that the commissioners may consider and pass upon this question, and if necessary amend their report. The power of the court at special term to make such an order cannot be questioned. *In re New York Cent. & H. R. R. Co.*, 64 N. Y. 60; also, *In re New York, L. & W. R. Co.*, 29 Hun, 602, affirmed 93 N. Y. 385. We think the discretion was properly exercised by the court at special term in making the order appealed from, and it must be affirmed, with costs.