# Dixon & Co. *v* Higgins.

*Bill in Equity by Creditors, to set aside Fraudulent Conveyance.*

1. *Taking testimony after publication passed.*—After the testimony has been published, neither party can take additional testimony, except by consent, or by special application to the chancellor and permission granted by him (Rules of Chancery Practice, No. 64; Code, p. 170); but neither this rule, nor the ordinance of Lord Bacon, on which the similar rule of practice in England is founded, prohibits or restrains the chancellor's discretionary power to allow or order additional testimony to be taken, after publication passed, in order to inform or satisfy him as to a disputed matter of fact.

2. *Publication of testimony by consent, without prejudice.*—When the testimony is published by consent, without prejudice, this amounts to a reservation by consent of the right to take additional testimony.

3. *Sale of goods by insolvent debtor to creditor; validity as against other creditors.*—A failing or insolvent debtor may sell and convey his entire stock of goods, at a fair and adequate price, to one or more of his creditors, in absolute payment of existing, *bona fide* debts; and if there is no reservation or benefit secured to him, beyond what the law allows, the transaction will be sustained as against his other creditors.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 6th December, 1882, by W. T. Dixon & Co. and others, non-resident creditors of Hill & Guilmartin, a mercantile partnership lately doing business in Troy, Alabama, against their said debtors, and against R. J. Higgins and H. M. Comer & Co.; and sought to set aside, on the ground of fraud, a sale and conveyance of their entire stock of goods by said debtors to their co-defendants. Answers were filed by the several defendants, denying the charges of fraud, and asserting that the sale and conveyance was founded on full and adequate consideration, and reserved or secured no benefit to the grantors. In November, 1884, the cause was submitted on pleadings and proof as noted, for decree in vacation, the testimony being published "by consent, without prejudice." In April, 1885, under this submission, the chancellor rendered a decree, in which he sustained the sale and conveyance, as founded on a valuable and adequate consideration; but, holding that the evidence adduced by the defendants did not sufficiently establish the items of indebtedness which constituted the consideration of the sale and conveyance,

[Dixon & Co. v. Higgins.]

he set aside the submission, restored the case to the docket, and gave leave to each party "to take additional testimony, and re-examine any witness heretofore examined." On a second submission, at the next term, the chancellor held that the sale and conveyance was valid as against the complainants, and therefore rendered a decree dismissing their bill. The complainants now assign this decree as error, and also the decree setting aside the first submission, and granting leave to take additional testimony.

WATTS & SON, and M. N. CARLISLE, for the appellants.

G. L. COMER, and GARDNER & WILEY, contra.

CLOPTON, J.—By consent of parties, the testimony was published without prejudice, and the cause submitted on pleadings and proof, for decree in vacation. On looking into the case, the chancellor concluded, that while it was shown that the defendants paid a full price for the stock of merchandise, notes and accounts, purchased of Hill & Guilmartin, the evidence as to the *bona fides* of the debts, the payment of which constituted the consideration price, was not as clear and satisfactory as the rule requires, nor as the witnesses could make it; the omission consisting in the failure to show the origin and consideration of the debts. Thereupon, the chancellor ordered, that the submission be set aside, the case stand over for hearing at the next term of the court, and that the parties have leave to take additional testimony, and to examine any witness previously examined. This action of the chancellor is assigned for error, as being violative of the 64th Rule of Chancery Practice.

The general rule, which rests on considerations of suppressing perjury, and preventing the fabrication of evidence, on the principle not to lead into temptation, prohibits the examination of new witnesses, and the taking of additional evidence, after the parties have had opportunity, by publication of the testimony, to understand wherein the evidence taken fails to meet the exigencies of their case. The rule, as tested by the experience of centuries, is founded in wisdom and sound policy, and abides at the foundation of the administration of justice. It was formulated and definitely expressed in one of the ordinances of Lord BACON, in respect to which Chancellor KENT says: "He outstripped the wisdom of his age, and anticipated the experience of posterity." Though, in some instances, there may have been too much laxity, the courts have generally observed the general rule; and judicial discussions have usually

[Dixon & Co. v. Higgins.]

arisen on the engrafted exceptions, which have been deemed conducive to the ends of truth and justice. These exceptions are not involved in the present contention.

The ordinance of Lord BACON provides : "No witnesses shall be examined after publication, except by consent, or by special order *ad informandum conscientiam judicis;* and then to be brought close sealed to the court, to peruse or publish, as the court shall think good." Counsel, conceding that the chancellor may, under the ordinance, specially order, at the hearing, the examination of witnesses without consent, argue, that the rule adopted in this State is a substitute for the ordinance, abrogates it, and prohibits the chancellor from ordering testimony to be taken after publication, except by consent, or by special application made by one of the parties. The rule is, "after publication passed, no testimony shall be taken, except by consent, or by special application to the chancellor and allowance by him." It is the last clause of the last of a series of rules, which specially provide for and regulate the mode of taking depositions on interrogatories ; and all of which relate to the practice in preparing a case, so far as taking the evidence, before publication, and after publication, but before the hearing. It supplements the first qualification of the ordinance, in authorizing, before the hearing, a special application to the chancellor, if consent should be declined ; and it operates on the *parties* and their rights, leaving the discretion of the chancellor unabridged.

Rule 64 has no field of operation, after the case has been submitted, and while in consideration. It was not designed, and does not cover the entire subject of the ordinance, the latter clause of which relates exclusively to the judge, being an affirmation of his existing and recognized authority over the disposition of the case while *in fieri,* only restricted by the requirement of a *special* order. No testimony, taken after publication, is considered admissible under the ordinance, except for the purpose of informing the conscience of the court, and by a special order, unless under extraordinary circumstances. Judge STORY says : "The true exposition of the latter qualification of this rule would seem to be, that the new evidence to inform the conscience of the judge should not be taken, but upon or after the hearing, when the judge himself entertains a doubt, or where some additional fact or inquiry is indispensable to enable him to make a satisfactory decree ;" and the same view and construction have been taken in other cases.— *Wood v. Mann,* 2 Sum. 316. We have no express rule, which applies when the case is on hearing. In such case, by Rule 7, the rules,

[Dixon & Co. v. Higgins.]

orders, and practice of the English Court of Chancery, prior to, and including those of May, 1845, furnish proper analogies to regulate the practice. The authority of the court to order a case on hearing to stand over, and to allow additional testimony to be taken, to supply some defect in the evidence, when deemed necessary to a right and satisfactory decree, has been frequently exercised, and, so far as we have ascertained, has never been questioned.— *Hughes v. Eades,* 1 Hare, 486 ; *Attorney General v. Severne,* 1 Coll. C. C. 317 ; *Hood v. Primm,* 4 Sim. 101. By our decisions, the allowance to take additional testimony, whether on special application or otherwise, has been held to rest in the discretion of the chancellor.— *Gordon v. Tweedy,* 74 Ala. 232; *Nunn v. Nunn,* 66 Ala. 35. The power should be sparingly exercised, the merits of the case being the controlling consideration. Suitors should be advised that due diligence in the preparation of causes will be exacted ; and the allowance should not be granted, when no evidence has been taken to prove a material fact, unless the party is without fault. But, when evidence has been taken, which, in the opinion of the court, is not sufficient, and there is reasonable probability that it can be made sufficient, without risk of perjury or fabrication of evidence, and it is deemed necessary, under the circumstances of the case, to the administration of truth and justice, an opportunity, by special order on the hearing, may be afforded to adduce additional evidence.

We have fully considered the extent and operation of Rule 64, because its proper construction has been raised for the first time, though it has been in force many years. The consideration was otherwise unnecessary, as the testimony was by consent published *without prejudice,* which, by the common understanding of solicitors and chancellors, is a consent reservation of the right to take additional testimony.

The bill assails for fraud a sale of merchandise, notes and accounts, by Hill & Guilmartin, to Higgins and Comer & Co. The defense set up in the answers is, that the property was sold for a fair and adequate price, in absolute payment of debts owing by the sellers to the purchasers, and to other persons, which the purchasers agreed to pay, without reservation of benefit to the sellers. The evidence on behalf of the defendants establishes the defense, and complainants have introduced no evidence tending to show fraud, in respect to the adequacy of the consideration paid, the justness of the debts, or in any other respect. It is a case of failing or insolvent debtors, preferring creditors by

[Lewis v. Teal.]

an absolute sale of their property, for full value, in payment of their debts. Such sale and preference are not fraudulent, as against unpreferred creditors.—*Rankin v. Vandiver,* 78 Ala. 562; *Hodges Bros. v. Coleman,* 76 Ala 103; *Levy v. Williams,* 79 Ala. 171.

Affirmed.