# Morrison, Herriman & Co. *v.* Morris & Co.

### *Garnishment by Attaching Creditors; Contest of Garnishee's Answer.*

1. *Sale by insolvent debtor to creditor; validity as against other creditors.*—An insolvent debtor may sell and transfer to one of his creditors, in absolute payment of a *bona fide* existing debt, his entire stock of goods and other property ; and if the value of the property is not in excess of the debt, and no use or benefit is reserved to the debtor himself, the conveyance will be sustained as against other creditors.

2. *Bill of sale construed.*—Where a bill of sale of a stock of goods recites an indebtedness by the grantors to the grantees, and declares that, for the purpose of paying the same, they bargain, sell and deliver, "in full satisfaction and payment of said indebtedness," their entire stock of goods, "and for the same purpose have also conveyed to them certain real estate in Verbena, by a separate deed, and do transfer to them our [their] notes and book-accounts;" the latter stipulations are not inconsistent with the former, but the instrument shows that all the property conveyed by both deeds, the value being less than the amount of the indebtedness, was conveyed and accepted in full payment and satisfaction of the debt.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

RICE & WILEY, for appellants, cited *Holt & Chambers v. Bancroft*, 30 Ala. 199; *Tatum v. Hunter & Thomas*, 14 Ala. 559; *Harrell v. Mitchell*, 61 Ala. 279; *Johnson v. Thweatt*, 18 Ala. 741; *Wilks v. Walker*, 53 Amer. Rep. 706; 9 Wall. 201, 253; 11 How. 372; *Battle v. Weems*, 44 Ala. 105.

TROY, TOMPKINS & LONDON, *contra*.

STONE, C. J.—Morrison, Herriman & Co., and their co-appellants, were attaching creditors, and Josiah Morris & Co. were garnishees. The garnishment was served August 9, 1886, and the garnishees filed their answer January 19, 1887. They fully and positively denied all indebtedness, and all other grounds of liability, which can be reached and condemned in garnishment proceeding.—Code of 1886, §§ 2945, 2946, 2974.

The record shows no intervening proceedings between the

filing of their answer by the garnishees, and the final judg-
ment-entry, July 15, 1887. If the answer was contested,
the record contains nothing in regard to it. Yet the case
went off on verdict of a jury, and it is probably our duty to
presume there was a contest of the answer. In the form in
which the answer is given, nothing less could have presented
an issue for trial by a jury. Under the general charge,
there were verdict and judgment for garnishees. Plaintiffs
excepted to this charge, and they here assign it as error.

Plaintiffs showed that Knowles & Warner were indebted
to each of the three attaching firms, in a large sum, due and
demandable before July 30, 1886. Their several claims had
been reduced to judgment January 14, 1887; which judg-
ments were in evidence. Testimony for the garnishees set
forth, that Knowles & Warner were indebted to them in the
sum of twenty-eight thousand two hundred dollars; that
Knowles & Warner executed to them a bill of sale of their
merchandise and other articles named in it, on the day it
bears date, July 31, 1886, and then placed them in possession,
which they have since held under the said bill of sale; "that
the value of all the property conveyed by Knowles & Warner
was less than their indebtedness to Josiah Morris & Co.;
and that "the value of the stock of goods and other property
conveyed by the bill of sale was $16,000." The bill of sale
was in evidence, and this was all the testimony.

Appellants' claim of the right to recover in this suit is based
on two clauses of the bill of sale. After the recital of the
indebtedness of Knowles & Warner to Josiah Morris & Co.
$28,203.08, the bill of sale has this language: "Now, for
the purpose of paying said indebtedness, we, A. S. Knowles
and W. C. Warner, do bargain, sell and deliver to the said
Josiah Morris & Co., in full satisfaction and payment of said
indebtedness, the entire stock of goods," &c. After de-
scribing the things conveyed, the bill of sale contains this
further clause: "And for the same purpose we have also
conveyed to the said Josiah Morris & Co. certain real estate
in Verbena, Chilton county, Alabama, by a separate deed;
and we also transfer to the said Josiah Morris & Co. our
notes and book-accounts." The contention of appellants is,
that under a proper interpretation of this bill of sale, it shows
that the "certain real estate in Verbena" had been conveyed
"in full satisfaction and payment of said indebtedness," and
thus left no consideration to uphold the bill of sale of the
merchandise. The conveyance of the real estate was not
put in evidence.

[Cannon v. Lindsey.]

We do not so interpret the bill of sale. Our construction, in the absence of other proof of value, is, that it means nothing more nor less than that the real estate, the merchandise, the chattels and notes and accounts, were conveyed and received in full satisfaction and payment of the debt. If the purchase was made at a price materially disproportionate to the value, that was a subject for testimony. None is shown to have been offered, and that question does not appear to have been raised.—*Hodges v. Coleman*, 76 Ala. 103; *Dixon v. Higgins*, 82 Ala. 284; *Carter v. Coleman*, 84 Ala. 256.

Affirmed.