# Knowles *v.* Street.

*Trover for Conversion of Stock of Goods.*

1. *Sale of stock of goods by insolvent debtor to creditor; validity as against other creditors.*—A sale of his entire stock of goods by an embarrassed or insolvent debtor, in absolute payment of a *bona fide* existing debt, will be sustained as against other creditors, without regard to the question of fraudulent intent, when there is no material difference between the value of the property and the amount of the debt, and no use or benefit is reserved to the debtor himself.

2. *Charge not applicable to evidence.*—A charge asked which asserts a legal proposition not applicable to the facts of the case, though correct as a general abstract proposition, is properly refused.

3. *Estoppel by words or conduct.*—In an action against a purchaser of goods at execution sale, by one claiming under a prior purchase from the defendant in execution, a charge asserting that, "if plaintiff used such words to and in the presence of defendant, at or near the time of the sale of the goods, as would cause a reasonably prudent man to act, and to alter his condition to his prejudice, on the faith of such statements, and defendant did alter his condition to his prejudice on the faith of such statements, then plaintiff was guilty of a fraud, and can not recover," is properly refused, because it submits to the jury the sufficiency of the statements to constitute an estoppel.

4. *Authority of agent to collect; purchase in payment of debt.*—Although authority to a clerk to sell goods and collect the debts may not empower him to purchase a stock of goods in payment of a debt; yet, where a general agent is left in charge of his principal's business, and is specially instructed to look after a particular debt, to collect something on it, or arrange it in some way, it can not be assumed that his authority was limited to the collection of debts in the usual mode on the sale of goods.

[Knowles v. Street.]

APPEAL from the Circuit Court of Clay.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Merit Street against John W. Knowles, to recover damages for an alleged conversion of a stock of goods, and was commenced on the 24th March, 1885. The stock of goods had belonged to one H. A. Manning, who was engaged in business as a merchant at Ashland in said county, and under whom each party claimed; the plaintiff under a purchase at private sale, in payment of an antecedent debt, and the defendant under a purchase, a few days afterwards, at a sale under execution by the United States marshal.. The bill of sale to the plaintiff, which was dated December 1st, 1884, recited an indebtedness by Manning to him of $5,599.88, as evidenced by two promissory notes, and a sale of the goods "in order tó reduce and pay as much of said indebtedness as possible;" the groceries being taken at invoice price, and the other goods at twenty per cent. less. The purchase was effected for plaintiff, while he was absent in Montgomery, by his son and agent, J. C. Street, who testified on the trial, that his father, when starting to Montgomery, "gave him instructions in regard to the collection of the debt on Manning—instructed him to look after the claim, and told him to collect something on it, or to arrange it in some way." The plaintiff's clerks and agents at once took possession of the goods, and commenced to make an invoice of them, selling by retail each day, until December 6th, when the execution was levied by the marshal. The execution was issued on December 4th, on a judgment rendered that day by the United States Circuit Court at Montgomery, in favor of Slade & Etheridge, against said Manning; and the defendant became the purchaser at the marshal's sale under the levy, at the price of $1,400. The plaintiff's attorney gave public notice at the sale of his claim to the goods, but the defendant testified that he did not hear the notice, and that he quit bidding when he learned that such notice had been given; and he further testified in this connection: "There was then an interval of a half-hour when no bidding was going on. During this interval Street came up to witness, and asked if that was his bid; to which witness replied that it was not—that he had understood notice had been given that whoever bought the goods would buy a lawsuit. Street then said, that the goods were going very low, and that witness would not be in any danger if he bought them. Street then asked, if witness did not need the goods;

[Knowles v. Street.]

and witness answered, 'Yes, and if you say buy them, I'll do it.' Street then said, 'I don't think you will be in any danger, if you buy them.' Witness then made one or two more bids, and the goods were knocked down to him." The defendant introduced two witnesses who corroborated his testimony as to the conversation between himself and the plaintiff, while the plaintiff, testifying for himself, denied that he made any such statements in the conversation between himself and the defendant.

The defendant requested nineteen charges in writing, and duly excepted to the refusal of each Among these charges were the following: (1.) "If the jury believe from the evidence that the plaintiff, at or near the time of the sale of said goods, used such words to and in the presence of defendant as would cause a reasonably prudent man to act, and to alter his condition to his prejudice, on the faith of such statement, and that the defendant did alter his condition, to his prejudice, on the faith of such statements so made to or in his presence by plaintiff, plaintiff would thereby be guilty of a fraud, and can not recover in this case, and the jury must find for the defendant." (2.) "Authority to sell goods, and to collect debts for the principal, does not constitute such an agency, nor authorize an agent to purchase a stock of goods in payment of such debts." The other charges related to the question of fraud in the sale by Manning to plaintiff, and it is unnecessary to state them. The errors assigned are founded on the refusal of the several charges asked.

C. A. STEED, and BRICKELL, SEMPLE & GUNTER, for appellant, cited the following cases: "(1.) On the question of estoppel—*Harrison v. Pool*, 16 Ala. 167; *Stone v. Britton*, 22 Ala. 543; *Powers v. Harris*, 68 Ala. 409; *McCravey v. Remson*, 19 Ala. 430; *Auerbach v. Pritchett*, 58 Ala. 451; *Hendricks v. Kelly*, 64 Ala. 388; *Leinkauf v. Munter*, 76 Ala. 194; *Dickerson v. Colgrove*, 100 U. S. 578; 6 Wait's A. & D. 682, § 2; 689, § 2; *Abrams v. Seal*, 44 Ala. 299; *Watson v. Knight*, 44 Ala. 352. (2.) As to the validity of the plaintiff's purchase of the stock of goods, under the facts stated hypothetically in the several charges asked— *Bryant v. Young*, 21 Ala. 272; *Wiley, Banks & Co. v. Knight*, 27 Ala. 347; *Hodges v. Coleman & Carroll*, 76 Ala. 103; Code, § 1735. (3.) As to the authority of J. C. Street to make the *purchase—Robinson v. Murphy*,

69 Ala. 543.; *Cameron v. Clarke*, 11 Ala. 259. (4.) That
a subsequent ratification of the purchase by plaintiff could
not affect the intervening rights of defendant—*Jackson
v. Ramsay*, 15 Amer. Dec. 246.

CLOPTON, J.—Appellant purchased the goods, the sub-
ject of suit, at a sale by the marshal under an execution in
favor of Slade & Ethridge against H. A. Manning, which
was issued on a judgment rendered December 4, 1884, by
the United States Circuit Court. Appellee, who brings the
action for a conversion of the goods, deduces title by a pur-
chase from Manning on December 1, 1884.

The evidence establishes that Manning had been for some-
time prior, and was at the time of the purchase, largely
indebted to plaintiff, and that the latter purchased the goods
in payment, *pro tanto*, of the indebtedness. The *bona fides*
of the debt is not seriously controverted; the notes which
evidenced it were produced in evidence, and their considera-
tions proved; and there is no pretense that plaintiff paid
Manning other or additional consideration. The case, there-
fore, comes within that class of cases, in which a creditor
purchases, or takes property from an embarrassed or insolv-
ent debtor, in payment of his debt. The defendant requested
the court to charge the jury, that if Manning yielded a
preference to plaintiff, in his diligence to collect his debt,
which was participated in by him, for the purpose of defeat-
ing the rights of the plaintiffs in execution, the jury must
find for the defendant.

Since the decision in *Hodges v. Coleman*, 76 Ala. 103,
which has been uniformly followed, it should be regarded as
settled law in this State, that a sale of the whole, or a part
of his property, by an embarrassed or insolvent debtor to
his creditor, in payment of an antecedent debt, will be upheld,
if the debt be *bona fide*, its amount not materially less than
the fair and reasonable value of the property, and payment
of the debt is the sole consideration, and no use or benefit
is secured or reserved to the debtor. In such case, the
inquiry should be directed to the *bona fides* of the debt, the
sufficiency of the consideration, and the reservation of a
benefit to the debtor. If the transaction is not assailable
on some one of these grounds, fraud otherwise has no room
for operation. Whether there exist the ordinary badges of
fraud, whether the debtor intended to hinder or defraud his
other creditors, whether the purchasing creditor was swift

in the race of diligence for the purpose of defeating other creditors who were pressing their demands, or whether such is the necessary consequence, are not material inquiries. By devoting his property to the payment of an honest debt, the debtor merely performs a lawful act, which causes no legal injury to any one; and without injury there can be no actionable fraud.—*Meyer v. Sulzbacher*, 76 Ala. 120; *Levy v. Williams*, 79 Ala. 121; *Carter v. Coleman*, 84 Ala. 256; *Morrison v. Morris*, 85 Ala. 196. The rule settled by these cases is a qualification of the general rule as to fraudulent conveyances.

On the question of fraud, the defendant asked several other charges, which were refused. Whether properly refused does not depend solely upon the correctness of the abstract legal propositions of the charges, but also upon their applicability to the case as presented by the evidence. Though correct, if inapplicable, they were properly refused. All these charges ignore the qualification to the general rule above stated, and their tendency would have been to divert the minds of the jury from the proper inquiries. *Jeff. Co. Sav. Bank v. Eborn*, 84 Ala. 529.

The defendant further requested the court to charge the jury, that if the plaintiff used such words, to and in the presence of defendant, as would cause a reasonably prudent man to act, and alter his condition, to his prejudice, on the faith of such statements, and the defendant did alter his condition to his prejudice on the faith of such words, the plaintiff was guilty of a fraud, and the jury must find for the defendant. The principle intended to be invoked by the instruction is, that when a party by his declaration induces another to buy property, which otherwise he would not have bought, he will not be permitted to set up against such purchaser a title in himself. The essential elements of an estoppel *en pais*, in such case, are, a statement inconsistent with the title proposed to be set up, an act done by the other party on the faith of such statement, and injury as the result of allowing the statement to be shown to be untrue. Ordinarily, the declarations must be made with the intention to induce action; but intention to willfully mislead is not essential. It is sufficient if a statement is made in such manner that a sensible man would receive it as true, and believe that it was intended that he should act on it. This qualification, however, applies to the *manner* in which the statement is made, there being no positive intention that it should be

believed and acted upon.    It has no reference to the *character* of the statement itself.    A declaration may be made in such manner as would induce a sensible man to believe it to be true, and intended to be acted on, and yet insufficient of itself to constitute an estoppel.    Whether a statement is of such character as would cause a reasonable man to act, is not the test of the sufficiency.    The character and sufficiency of the statement are for the determination of the court.

There being evidence that the goods were purchased by the agent of plaintiff during his absence, the defendant further asked the court to charge the jury, that authority to sell goods and collect debts does not authorize an agent to purchase a stock of goods in payment of such debts.    The evidence tended to show that the son of plaintiff was his general agent, and was specially directed to look after the Manning claim, and collect something on it, or to arrange it in some way—had authority to settle the claim.    The charge is obnoxious to the objection, that it would have authorized the jury to infer that the authority was limited to selling goods and collecting debts in the usual and customary mode, an inference which could not be reasonably drawn from the evidence.    Such being the authority of the agent, no question arises as to the effect of a subsequent ratification upon the intervening rights of the plaintiffs in execution.

Affirmed.