[Palliser v. Home Telephone Company.]

# Palliser *v.* Home Telephone Company.

*Bill to Declare Issue of Stock Null and Void, and to Enjoin the Further Issue of Said Stock, and the Carrying Out of the Contract Thereto, and for the Delivery of the Stock and Bonds Belonging to Complainant's Intestate.*

(Decided July 2, 1907. 44 South. 575.)

1. *Corporations; Increase of Stock.*—The authority for the increase of the capital stock and bonded indebtedness of an existing domestic telephone company, subsequent to the adoption of General Acts 1903, p. 335, is to be found in setcion 46, of said Act; section 54 of said Act not having the effect of continuing in force a prior law with reference to the increase of such capital stock and bonded indebtedness.

2. *Same; Bonded Indebtedness; Limitations.*—Under section 7, of General Acts 1903, there is no limitation on the amount of the bonded indebtedness of the corporation notwithstanding the amount of its capital stock; said section having the effect to repeal section 1256, subd. 7, Code 1896.

3. *Same; Notice.*—Under section 46, General Acts 1903, a single notice of a meeting of the stockholders of the corporation for the purpose of increasing its capital stock and bonded indebtedness, is sufficient to authorize an increase both of the stock and bonded indebtedness to the amount stated in the notice.

4. *Equity; Answer Under Ooath; Waiver.*—The bill being for the other relief, and answer under oath being waived, the bill was not subject to demurrer because it sought in addition thereto a discovery. Section 679, Code 1896.

5. *Appeal; Presumption.*—It cannot be presumed on appeal that error in sustaining a demurrer to a bill because it sought discovery, was without injury on the ground that the answer would have been of no benefit to complainant; nor can it be assumed that resopndent would not have answered, whether relieved from doing so or not under rule 34.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Melazie M. Palliser individually, and as exectrix of Frank D. Palliser, deceased, against the Home

Telephone Company and others. From a judgment sustaining demurrers to the bill, complainant appeals. Affirmed in part and reversed and rendered in part.

The allegations of the bill are: That Frank G. Palliser died on the 14th day of October, 1904, leaving a last will and testament, which is made an exhibit to the bill, bequeathing all his property to complainant and nominating her as executrix, which will was duly admitted to probate in the county of Mobile. That said Palliser was at the time a stockholder in the Home Telephone Company, and that his estate has not been closed. That the Home Telephone Company was organized under the laws of Alabama in or about the year 1895 for the purpose of doing a telephone business at Mobile, and up to the 12th of August, 1904, has issued capital stock amounting to $40,000, divided almost equally into common stock and nonaccumulative preferred stock. That on August 11, 1896, said company executed and delivered to certain trustees a mortgage securing bonds of said company in the amount of $20,000, and that said bonds and mortgages are still outstanding. It is further averred on information and belief: That about May 15, 1905, the majority of the holders of said stock and bonds entered into a contract with the defendant Monteith for an exchange of their holdings for certain common and preferred stocks and bonds to be issued by said telephone company under said arrangement as follows: Said Monteith could deliver for par value of all of said preferred stocks and bonds of the Home Telephone Company an equal amount par value of new bonds and 50 per cent. par value of new stock in addition, old and new issue to be figured at par; and he further agreed that he would make a deposit as security, with other covenants set up in said agreement. A copy of said agreement is attached to the bill, and made an exhibit, and marked "B." That

there had been no meeting of stockholders or other steps taken to increase the capital stock or otherwise change the condition of affairs. That in the month of July, 1905, there appeared in the Mobile Herald a notice purporting to call a meeting of stockholders to increase the capital stock and also to increase the bonded indebtedness, each to $350,000, and for other purposes. That a meeting of stockholders was accordingly held on August 12, 1905, and apparently a large majority of shares were present by proxy, held by defendant W. H. Bryant. That oratrix was not present, but states on information and belief that some stockholders present protested against the proposed action, alleging that the bonded indebtedness could not be increased at the same time with the stock, and that it was unlawful to issue stock for anything except money. That a resolution was offered requiring the increase of stock, when made, to be paid for in money, but instead thereof a resolution was adopted calling for its increase according to the laws of Alabama. Copies of these resolutions were made exhibits to the bill. In effect they attempted to increase the stock from $40,000 to $350,000, and the bonded debt from $20,000 to $350,000, and to authorize the board of directors to carry out the proposed plan. It is further averred that a deed of trust in pursuance of said resolution was executed in the name of the Home Telephone Company by W. C. Polk, president, on the one side and the Central Trust Company of Mobile on the other, which mortgage was duly recorded in the office of the judge of probate in the county of Mobile, and a copy of which is attached to the bill as an exhibit. At the time of the execution of the mortgage W. C. Polk was president, W. H. Bryant was vice president and general manager, John C. Monteith was treasurer, and Robert L. Douglass secretary, of the defendant Home Telephone Company, and they still

occupy those positions. That the defendants Bryant,
Polk, and Monteith are members of, and constitute a
majority of the board of directors of the defendant Home
Telephone Company: That defendant Central Trust
Company was and still is the trustee named in said deed
of trust. It is further alleged that a large amount of
stock and bonds of the Home Telephone Company have
been issued, but she is unable to state just what amount,
because the officers of said company have failed and re-
fused to permit oratrix or her attorney to examine the
books and records of said company, or to answer ques-
tions which would give such information. It is alleged
on information and belief that the bulk of said stock and
bonds have been issued to Monteith, not for money or any
other fair or adequate consideration, but in order to en-
able said Monteith and his associates to control said
Home Telephone Company under the pretense of extend-
ing the facilities of the business. It is alleged that the
proceedings as to stock and bonds are invalid: (1) Be-
cause the notice of meeting was insufficient; (2) said
meeting of August 12th, when the stocck was $40,000 in
all, could not under the law create, issue, or authorize
the issuance of a larger amount of bonded indebtedness
than the $40,000 of stock; (3) that said new stock and
new bonds were issued, or so far as not issued were in-
tended to be issued, not only in such illegal manner, but
for illegal purposes, as before stated; and (4) that what
has been done, has been done by a combination of said
Monteith, Polk, and Bryant, and that not at a director's
meeting, and that no proper minutes of such meeting
have been kept. It is further alleged that, although ora-
trix has applied for the facts or for an inspection of the
book, no information has been afforded to her upon de-
mand, and that she is treated as a stranger and kept in
the dark. It is further alleged that the defendant Central

[Palliser v. Home Telephone Company.]

Trust Company was notified prior to the issue of said stock and bonds of the invalidity of such transaction, but nevertheless has proceeded to issue the same and deliver substantially all of said stocks and bonds to said Monteith or his agent. It is further alleged that, after being advised of the action of said meeting of August 12, 1905, she notified the Central Trust Company that she declined to receive the new issue of stock and bonds and has demanded a return of the original certificate of Frank G. Palliser, or a transfer of the same to her as being the present owner since the death of said Palliser, and this has been refused by the Central Trust Company. It is further alleged that oratrix has duly applied to the manager (Bryant) and to the directors, demanding that the illegal proceedings above named be set aside, but they have refused or failed to take any action·in the premises, wherefore oratrix is remediless at law. The prayer of the bill is, after prayer for process, etc., that a decree be entered that said proceedings for the issue of said stock and bonds were illegal and void, and that said new stock and bonds are illegal and void; that the contract entered into between the Home Telephone Company and said Monteith be declared null and void; that the Home Telephone Company, its officers and directors, be enjoined from delivering any more of said stocks or bonds, and from further carrying out said contract; that the defendants be required to deliver to oratrix the stock originally owned by her intestate and now her property, and that she be placed in the same position that she was before said proceedings were had; and for general relief. The bill also contains a lot of questions seeking discovery about the matters complained of in the bill. The notice referred to in the bill stated that the meeting was called by the stockholders for the purpose of voting upon the increase of the common capital stock of said company

from $40,000, as at present, to an amount not exceeding $350,000, and, further, for voting upon an increase of the bonded indebtedness from $20,000, as at present, to an amount not exceeding $350,000, and to authorize the board of directors to take up and satisfy the present outstanding bonds of the company and the trust deed or mortgage under which payment of the same was secured.

Demurrers were filed as follows: "(1) That it appears upon the face of the bill that the transactions complained of were strictly in conformity with the law. (2) That it is not shown by the bill that the said corporation has borrowed money or issued bonds for the repayment of money borrowed at any time in excess of the capital stock of the corporation. (3) That the corporation is entitled to borrow money up to an amount not exceeding the capital stock, and that it is not shown in the bill that any sum of money has been borrowed or will be borrowed beyond the amount of said capital stock, and the relief prayed is not confined to any supposed intent of the said corporation to borrow beyond the amount of its capital stock subscribed. (4) That it appears from said bill that the authority to mortgage said property of the company was granted by the corporate body at a meeting held after the publication as required by the laws of this state, and as well that the authority to increase the stock was given at such meeting, and that whatever interest plaintiff had in said company she had at the time of said meeting, where action was taken by a majority, as the bill shows, wherefore complainant should not now be heard to question the said action taken by the stockholders without her dissent, upon which the company has acted and the rights of other persons intervene. (5) That it is not made to appear by said bill that any bonds had been issued or any money been borrowed in excess of the capital stock of the company as extended. (6)

The bill does not show that the action of the corporation in refusing by a majority vote to adopt resolutions drawn by stockholders who were in the minority has thereby lost or forfeited the rights given it by law, and the bill shows that it lawfully required the increase of stock and of bonded indebtedness, when made, to be made according to the laws of Alabama." The above demurrers were filed to the bill generally. The following are filed to so much of the bill as impeaches the validity of the issue of the new and increased stock, and these are filed in addition to the grounds above assigned, and are as follows: "(7) The bill is vague and uncertain as to whether new stock and bonds have ben issued, or are simply intended to be issued, and because it does not appear definitely or certainly that such new stock was issued or is intended to be issued by this defendant in contravention of the resolution of the corporation which requires it to be issued according to the laws of the state of Alabama. (8) Because the bill seeks to treat the authority to increase the capital stock of said company and to issue bonds as being a single transaction, both of which must stand or fall together, and in the prayer of said bill seeks to strike down both, whereas the bill clearly shows an increase of the capital stock to $350,000 and authority on the part of this defendant to issue stock according to the laws of Alabama up to the amount authorized at said meeting. (9) That, authority to increase the stock being shown to have been duly obtained at a meting of the company, no cause is shown for an appeal to this forum for a relief if the officers of the said corporation are properly performing their duty; and it is not shown how or in what manner the complainant has applied to the directors of the said corporation, or to the corporation itself, or to both, seeking relief against any such illegal issue of stock for or in the manner and for

the consideration authorized by the laws of Alabama."
To so much of the bill as seeks to impeach and declare
illegal and void the issue of the bonds of the said corpor-
ation the defendant demurs upon the grounds hereinbe-
fore set forth to the bill as a whole, and to that part of
the bill assailing the issue of stock, and for the further
ground as follows: "(10) It is not made to appear by
the bill that said corporation has borrowed, and there-
fore has issued or will issue bonds, in the aggregate ex-
ceeding its capital stock. (11) It appears by the bill
that the corporation is lawfully authorized to issue said
bonds, and no reason is given why complainant should
have the relief in equity prayed for." To so much of the
bill as prays for relief against the contract between this
defendant and defendant Monteith the defendant demurs
on the following ground: "(12) That no such contract
is averred in the bill to exist with such certainty as en-
ables this defendant to plead to the same." To so much
of the bill as prays for a delivery to complainant of the
stock originally held by her testator, respondent demurs
on the following ground: "(13) That said stock now
stands committed to the contract of her said testator,
and it is beyond the power of this defendant to change its
status in any wise." Defendant demurs to so much of
the bill as prays discovery and propounds interrogato-
ries on the ground that the complainant has waived the
right to discovery by waiving answer under oath. The
defendants Monteith, Polk, Bryant, and Douglass demur
to the bill, and adopt all the demurrers interposed by the
Home Telephone Company herein above set out, and add
the following: "(14 That by the said bill of complaint it
is made to appear that the stock is burdened with a trust,
which has not terminated, which interferes with the re-
lief sought. (15) By nothing in said bill averred is it
made to appear that complainant is entitled to a rescis-

sion of her testator's contract, under which he made the distribution of his tock."

The chancellor sustained demurrers Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, overruled demurrers 11, 12, and 13, and sustained demurrer as to so much of the bill as seeks discovery; and from this judgment this appeal is prosecuted.

HAMILTON & THORNTON, for appellant.—The increase of stock from $40,000 to $300,000, was invalid. 1st, because the Acts of 1903, p. 341, has no application to existing corporations. 2nd, because the notice was multifarious, calling for increase of stock, increase of bonds, satisfaction of old bonds, revision of by-laws and reduction of directors, etc. 3rd, the notice does not specify the proposed increase but says not exceeding a certain amount. The bonds were illegally issued because the notice was multifarious and the stock was only $40,000, while the bond issue sought was $350,000.—Section 1259, subd. 7, Code 1896. The notice must be given to existing and not non-existing stock.—*Perry v. Eagle Co.*, 47 Conn. 141; *Commissioners' Court v. Board of Revenue*, 99 Ala. 7. Stock does not exist until issued, a mere vote does not create it, and it cannot be counted at the meeting in which it is created as the basis of increase of bonded indebtedness.—*Lehigh App.* 129 Pa. St. 405; *Pratt v. Munson*, 17 Hun. 475; *Burrell v. Bushwick Co.*, 75 N. Y. 211; *People v. Feitner*, 87 N. Y. Sup. 304. The court erred in sustaining the demurrer based on the ground that the bill sought discovery and that it also waived oath in the answer.—Section 679, Code 1896; *Russell v. Garrett*, 75 Ala. 348; *Bromberg v. Bates*, 96 Ala. 620.

PILLANS, HANAW & PILLANS, for appellee.—The notice was sufficient.—2 Cook's Corp. p. 1297; Holliwell on

[Palliser v. Home Telephone Company.]

Stock and Stockholders, § 142. The proceedings for the increase of capital stock was in accordance with and in conformity to the General Acts of 1903, and section 1259, Code 1896, and the bonded indebtedness increase was in strict conformity to section 46, of the General Acts of 1903. In interpreting statutes containing inconsistent provisions they must be so construed as to give to all the provisions effect if possible, and not by one to suffer another to be destroyed.—*Brooks v. Mobile,* 31 Ala. 227; *Lehman-Durr Co. v. Robinson,* 59 Ala. 234; *Canfield v. Finnigan,* 114 Ala. 49; 26 A. & E. Ency. p. 620; *Ketner v. U. S.,* 195 U. S. 100; Sutherland on Statutory Constr. 158. The sustaining of the demurrers to the bill because it sought discovery and waived answer under oath was at most error without injury.—*Tillinghast v. Chase,* 121 Fed. 435; Rule 34, Chan. Prac.

ANDERSON, J.—Section 46 of the Act of 1903, page 335, controls, as to the increase or decrease of the capital stock or bonded indebtedness of all corporations, whether existing at the time of its enactment or not, unless of the class excepted from the operation thereof by section 54, and which are designated as those covered by Articles 3 and 4 of Chapter 28 and Chapter 63 of the Code of 1896. Article 3 relates to "Mutual Aid Societies," Article 4 to "Building and Loan Associations," and Chapter 63, relates to "Insurance Companies." The respondent belonging to neither of the excepted classes of corporations, is included in the Act. It is true, that section 54 of the Act provides, "Nothing in this Act shall be so construed as to add to, take from, or otherwise affect the rights, powers, duties and liabilities of any corporations now existing chartered under the laws, special or general, of this State." And the appellant insists, that the

29 R

action complained of relates to the powers of the corporation, and that said section 54 provides that the old law is not repealed in this respect. Section 46 provides for an increase of the capital stock or bonded indebtedness "of any corporation formed under this Act or *heretofore* incorporated under any general or special law of this state." (Italics ours.) This is a special provision and should prevail as against a general section that may be in conflict therewith, and section 54 is but a general section.

"It is a well-settled principle of construction, that specific terms covering the given specific matter will prevail over general terms in the same or another statute which might otherwise prove controlling."—*Kepner v. U. S.,* 195 U. S. 100, 125; *Brooks v. Mobile,* 31 Ala. 227; *Lehman-Durr & Co. v. Robinson,* 59 Ala. 234; *Caulfield v. Finnegan,* 114 Ala. 49; 26 Am. & Eng. Ency. Law, 296.

Subdivision 7 of section 1256 of the Code of 1896, which forbids a bonded indebtedness from exceeding the capital stock is succeeded by subdivision (c) of section 7 of the Act of 1903, page 314, and which fixes no limitation on the amount of bonded indebtedness.

Section 46 provides that the notice of the meeting for the purpose of increasing the stock or bonded indebtedness, "shall state what increase is proposed to be made in the capital stock or indebtedness of the corporation." But the section further provides, "that it shall be lawful for the corporation to increase its capital stock or bonded indebtedness in conformity with such consent to an amount equal to or less, but no greater than, that stated in the published notice of the meeting." It will be observed, that the limitation fixed by law is, that it cannot exceed the amount set out in the notice and such being the case, we think the notice was sufficient in giving the maximum amount of the proposed increase. Nor

do we think the respondent had to give separate and distinct notice, as to the proposed increase of stock and bonded indebtedness.

The bill not being for discovery only was not subject to the demurrer going to so much thereof as sought discovery, because answer under oath was waived.—Section 679 of the Code of 1896; *Bromberg v. Bates*, 98 Ala. 621. As to what weight the answer should receive or whether or not the complainant could object to its insufficiency when made, we need not decide.—Code, § 679; Rule 34, page 1209, of the Code of 1896; *Tillinghast v. Chance*, 121 Fed. Rep. 435. The interrogating feature was but a part of the bill.—*Hendrickson v. Romaine*, 9 C. E. Green. 236.

We cannot hold that the error in sustaining the demurrer to this feature of the bill was error without injury, because the answer would have been of no benefit to complainant, nor can we assume that the respondent would not have answered whether relieved from doing so or not under rule 34.

The decree of the chancery court is affirmed in sustaining all the demurrers except the 13th, but is reversed as to that one, and a decree is here rendered overruling the same. The general rule is to affirm when any of the grounds are good whether the others are or not, but this rule does not prevail, where the demurrers relate to separate and distinct features of the bill and the ones sustained do not affect the entire equity of the bill.

Affirmed in part, and reversed and rendered, and the cost of this appeal to be divided equally between appellant and appellees.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.