# Palliser *v.* Home Telephone Company.

*Bill to Set Aside Fraudulent Issue of Stocks and Bonds.*

(Decided Jan. 19, 1911. 54 South. 499.)

1. *Attorney and Client; Authority to Bind Client.*—Counsel have authority to bind client by agreement in relation to a cause, (by authority of statute) and such agreement may not be set aside except for fraud, accident or mistake, or for some other ground of the same nature.

2. *Stipulations; Matters; Subject Thereto; Discretion of Court.*— By agreements concerning mere procedure parties may not take away the court's discretion to control at all times the procedure and progress of causes to the end that justice may be done.

3. *Same; Enforcement; Relief; Power of Court.*—In the control of their own actions the courts have inherent power to relieve against agreement improvidently made, or where for any cause, their enforcement would work injustice.

4. *Appeal and Error; Review; Discretion of Court.*—A judicial act is said to lie in discretion when there are no fixed principles by which its correctness may be determined, and such determinations are not subject to review on appeal.

5. *Same; Refusal to Exercise.*—Where the court refused to extend the stipulated time for taking testimony on the erroneous ground that he had no power to do so notwithstanding what grounds were given therefor, it constituted a refusal to exercise a discretion vested in him ,and requires a reversal of his decree, and a remandment for further proceeding.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Malazie M. Palliser against the Home Telephone Company. From a decree dismissing the bill complainant appeals. Reversed and remanded.

HAMILTON & THORNTON, for appellant. Appellant assigns as error the decree made May 10th, in that, by that decree appellant was not allowed to take testimony; and also assigns as error, the previous interlocutory order of April 20th, overruling appellant's vacation application for extension of time to take testi-

money, and cite the following in support of such assignment: 20 Enc. Pl. & Pr. 607, 657; *Prestwood v. Watson,* 111 Ala. 604; see rule 14, Code, page 1520; *Collier v. Falk,* 66 Ala. 229. Being under the supervision of the court, agreements may be relieved against when for any reason they are improper.—20 Enc. Pl. & Pr. 607, 657; *Harvey v. Thorpe,* 28 Ala. 250. Stipulations may be set aside when enforcement would work inconvenience or injustice.—*Hancock v. Winans,* 20 Tex. 324. Or when enforcement would result in serious injury to one party while the other would not be prejudiced by setting aside—the exact case at bar.—*McClure v. Sheek,* 68 Tex. 426; 20 Enc. Pl. & Pr. 644, notes. They usually relate to time or method of trial, and, as evidence, the ruling of the lower court is somewhat like its ruling upon a deposition. The ruling is revised by the Supreme Court on appeal from the final decree by assigning error as upon action of the lower court just as on suppressing depositions leading to the judgment or decree.—*Ex parte Hayes,* 92 Ala. 120, 124.

PILLANS, HANAW & PILLANS, for appellee. In support of the contention that the appellant was not entitled to further indulgence, appellee cites the following cases: *Harold v. Mitchell,* 61 Ala. 270; *Nunn v. Nunn,* 66 Ala. 38; *Gordon v. Tweedy,* 74 Ala. 236; *Dixon v. Higgins,* Rule 75, C. C. Pr.

SAYRE, J.—The original bill in this cause was filed December 30, 1905, by appellant as a stockholder in the defendant corporation, and sought to set aside as fraudulent certain issues of stocks and bonds. After an appeal to this court from rulings on demurrer (*Palliser v. Home Telephone Co.,* 152 Ala. 440, 44 South. 575), the bill received its final shape by an amendment which was allowed on January 13, 1908. Thereafter

interrogatories were propounded to the defendant under the statute authorizing the examination of adverse parties, and these were answered on May 31, 1909. November 11, 1909, the parties entered into a stipulation which provided for the taking of testimony of witnesses on one day's informal notice. It was also agreed that defendant's answer to the interrogatories could be used by either party as a deposition, subject to addition by further examination as either party might desire, reserving to the complainant the right to file within 40 days further interrogatories to the defendant which were to be answered within 30 days, and, the court then being in session, it was agreed that the cause should be submitted for decree in vacation, upon the testimony so taken, 70 days from the date of the stipulation, unless a further extension should be agreed upon in writing, or unless the chancellor "on motion as to fullness of answers or other question of evidence" should extend the time. Nothing being done in the meantime, counsel for defendant on January 24, 1910, prepared a note of the defendant's testimony, and handed it, along with other papers on file, to the chancellor as a submission of the cause for final decree upon pleadings and proof. On February 2, 1910, complainant filed her sworn petition praying that the alleged submission be set aside and that she have further reasonable time within which to take additional testimony. Reason why testimony had not been taken within the time stipulated was thus stated in the third paragraph of complainant's petition. "She shows that she has been prevented, by illness and death in the immediate family connection of her solicitor, P. J. Hamilton, before and at the time contemplated in the agreement, from taking further testimony material in the cause." Upon hearing this motion at the next regular

term the chancellor set aside the submission for the reason, as we read his decree, that the agreement contemplated that the parties should have 70 days in which to take testimony, but not that the cause should be submitted on the seventieth day, and that complainant had not had an opportunity to join in the preparation of the note of submission. He refused, however, to extend the time for taking testimony and required the complainant forthwith to join in the submission of the cause. Setting down his reason for this last-mentioned provision of the decree, the chancellor stated that: "Agreements made voluntarily and without any element of fraud or deceit between attorneys must be given effect by the court and cannot be set aside unless for some reason of this kind. * * * The time to take testimony solemnly stipulated between the parties has closed, and the court, admitting every reason shown, cannot change this agreement." At a later date a final decree was rendered dismissing complainant's bill. Appellant concedes that, if the submission for decree was properly required, the decree on the merits of the cause as they then appeared was proper. She complains, however, that there was error in refusing her an opportunity to take further testimony.

Counsel have by statute the authority to bind parties by agreements in relation to a cause, and such agreements may not be set aside for any less cause than would warrant the rescission of contracts in general, namely, fraud, accident, mistake, or some other ground of the same nature.—*Ex parte Hayes,* 92 Ala. 120, 9 South. 156. No doubt the rule here stated performs its proper office in respect to agreements touching the facts in controversy or the substantive rights of the parties. Parties have not the power by agreements concerning mere procedure to control at all times the

procedure and progress of causes to the end that jus-
tice may be done. Such agreements have no more bind-
ing force than the orders and judgments of the court.
Every interlocutory order until it becomes merged in
a final judgment, and every final judgment during the
term at which it is rendered, is subject to be annulled
and set aside when the court becomes satisfied that in-
justice has been done, or that they have been inadver-
tently or improvidently entered.—*Rich v. Thornton,*
69 Ala. 473. Such agreements may go far towards in-
forming the court's discretion; but it has inherent pow-
er, in the control of its own action, to relieve against
them when made improvidently or when for any cause
their enforcement would work injustice.

A judicial act is said to lie in discretion when there
are no fixed principles by which its correctness may be
determined.—2 Encyc. Pl. & Pr. 409. The general cur-
rent of authority is that such determinations are not
subject to review on appeal, and so it has been held in
this state in cases involving questions of the sort here
in issue. This court has refused to review rulings of
the trial bench on applications to take further testi-
mony, or to re-examine a witness after publication
passed, to order a reference re-opened, to enlarge the
time within which a garnishee may answer, or to re-
open a cause upon the merits of newly taken testi-
mony.—*Nunn v. Nunn,* 66 Ala. 35; *Gordon v. Tweedy,*
74 Ala. 232, 49 Am. Rep. 813; *Dixon v. Higgins,* 82
Ala. 284, 2 South. 289; *Talladega Co. v. McDonald,* 97
Ala. 508, 12 South. 34.

The chancellor put his ruling upon the ground that
he had no discretion. In effect he declined jurisdiction
of the application. We cannot know what would have
been his ruling if he had been of a different mind in
respect to his power to act. Possibly his decision would

have been influenced in some measure by evidences of diligence and good faith disclosed in the general previous conduct of the cause, apparent to him, but not appearing in the formal orders made from time to time. That is a reason why his discretion, if it had been exercised, should not be reviewed. Upon a return of this cause, he will be in a position to exercise discretion more intelligently than we can. Accordingly, the decree will be reversed, and the cause remanded for such further proceedings as may to the chancellor seem meet and proper.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.