179 So. 181

KILGORE et al. v. WILLIAMS, Superintendent of Banks.

6 Div. 166.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

374

·Arthur F. Fite, of Jasper, for appellants.

J. J. Curtis and Herman Maddox, both of Jasper, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity.

The bill was filed by appellee, as superintendent of banks, liquidating the Central Bank & Trust Company of Jasper, Ala., which bank suspended business October 29, 1931.

The bill alleges: "That the principal business of the respondents is and was that of dealers in horses and mules; that as such dealers, prior to the suspension of said bank they sold large numbers of mules and horses and other stock on credit; that they took notes for the amount due by the purchaser, payable to J. R. Kilgore and Sons, and took. mortgages upon the crops of corn, cotton and other produce to be raised that year by said mortgagor and upon the stock sold and other stock to secure said·note. That after so taking said security they discounted the notes and mortgages to secure the same hereinafter referred to, to the Central Bank & Trust Company, endorsed said notes on the back thereof by writing the name of the payee thereon, delivering the said notes and the said mortgages securing the same to the said bank, and the said bank became and was the owner of said notes and said mortgages and the debt secured thereby."

The bill, in separate sections, lists the several mortgages, and charges as to each

of them that, after discounting and transferring said notes and chattel mortgages, the respondents proceeded to make collection of same, as if still the owners thereof, receiving payments in money, and also by purchasing or taking over the mortgaged property: "That in each instance, after receiving the money or the property or after taking possession of said property, that respondents did not turn same over to the bank, did not pay the proceeds to the bank on said respective indebtedness, and did not pay said indebtedness as they represented, [to mortgagors] they would. That all of said money was received by the respondents, and all of said property received by them or taken by them was without the consent of the bank and that after the receipt of same, the respondents assumed exclusive dominion over the same, and assumed exclusive control over the same, and without the knowledge or consent of the bank wrongfully converted same to their own use by investing the money so collected in other property; by selling the property so received and taking security in their own name, by collecting the proceeds thereof and reinvesting the same, and by their conduct thereby added to their own fortunes and own assets the value of all the money so collected, the value of all the property so taken and received to the total exclusion of the bank, and by their said wrongful conduct destroyed the lien of complainant, placed the property beyond his reach, and in equity became and were trustees in invitum for the bank and subject to an accounting for all of said moneys and properties so received."

By further appropriate averments the bill charges a destruction of complainant's several liens under the mortgages; a commingling of the proceeds with their other properties so as to render impossible a separation; possession of such funds in reinvested form.

Section 85 of the bill reads: "Complainant avers that the respondents owe to the complainant all the several sums heretofore set out secured by the mortgages hereinbefore referred to and in addition thereto said defendants are indebted to the bank in a large sum, to-wit $29,000.00 and interest thereon. Complainant alleges that the defendants have no visible means subject to legal process of value sufficient to pay the claims of the complainant; that the defendants have no property standing in their own name or in the name of the partnership of which they are members which can be reached and subject to legal process for the satisfaction of the claims of complainant. That whatever property that stands in their name is covered by mortgages for sums more than said property is worth, but complainant does not know whether said mortgages are fictitious or validly existing. Complainant avers that they have property or choses in action which should be subjected to complainant's claims although the kind of property and how it is concealed is unknown to the complainant. That they have property real or personal, or money or effects or choses in action, or have an interest in real or personal property, money or effects, or choses in action, which are and should be subject to the payment of complainant's claim, but the kind and description of the property and how same is held, or kept concealed or hidden by defendants is unknown to complainant, and that a discovery is necessary to enable complainant to reach and subject the property to the claims of complainant. That the defendants have property real or personal, or money or effects or choses in action which are the proceeds of the liens destroyed by them and are the proceeds of the property and money held in trust for the said bank, but the kind and description of said property is unknown to complainant and how hidden and covered up is unknown to the complainant; that a discovery is necessary in order for the complainant to impress his lien upon the proceeds of said mortgaged property, and in order for him to impress the trust upon the proceeds of said property held in trust for said bank."

The relief prayed includes a discovery and accounting, following the proceeds of trust properties and subjecting same to complainant's liens, impressing a trust on all property of respondent's with which complainant's funds or properties have been intermingled; subjecting all equitable assets, including choses in action, or other concealed properties, to complainant's demand. Interrogatories are appended, as in bills of discovery, calling for information touching each of said mortgages, the moneys or properties received thereon, the disposition of same, etc. Also seeks discovery of other equitable assets etc.

In the note to the bill, complainant waives answer under oath.

The bill is demurred to upon the ground that answer under oath is of the essence of a bill of discovery.

Such is the rule where the bill is filed solely for discovery. Tutwiler v. Tuskaloosa Coal & Iron Co., 89 Ala. 391, 7 So. 398.

But under our statute, Code 1923, § 6527, where the bill contains equity, upon other and further grounds, a waiver of answer under oath does not render a bill demurrable, which also seeks a discovery. Palliser v. Home Telephone Co., 152 Ala. 440, 451, 44 So. 575; Id., 170 Ala. 341, 54 So. 499; Gulf Compress Co. v. Jones Cotton Co., 157 Ala. 32, 43, 47 So. 251; Bromberg v. Bates, 98 Ala. 621, 13 So. 557.

In the Palliser Case, 44 So., supra, the court left undecided what weight should be given answers to interrogatories where answer under oath is waived.

On second appeal, 54 So., supra, it appears the complainant amended by propounding the interrogatories under section 3134, Code 1907, section 6569, Code 1923. This would seem to accomplish the ends in view in such cases.

The bill is sufficient (except for waiver of oath to answer) as an independent bill of discovery. Kinney v. Reeves & Co. et al., 142 Ala. 604, 39 So. 29; 8 Alabama Digest, Discovery, ©=19, pages 8 & 9.

Where discovery is sought in aid of some other primary equity, it is not essential that the bill contain all the allegations necessary to an independent bill for discovery. Shelton v. Timmons, 189 Ala. 289, 66 So. 9, and cases there cited.

The equity of the bill to enforce a trust in invitum, to follow the proceeds of properties subject to such trust, to declare a lien thereon, as well as on property with which it has been intermingled so as to become inseparable, is not, in either aspect, questioned on this appeal.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.