JOSEPH E. COBBEY ET AL., APPELLANTS, V. INDIANA KNAPP ET AL., APPELLEES.

[FILED DECEMBER 4, 1889.]

1. **Money Judgment:** INTEREST NOT REQUIRED. The plaintiffs having, in accordance with the original decree of the district court in this cause, paid in to the district court the sum of $385, *held*, that the payment of said money within the time required by the said decree released them from all legal obligation, had any existed, to pay interest upon said sum other than up to the time contemplated by the terms of said decree, and which interest constituted a part of said sum required to be paid.

2. ——: INTEREST REFUNDED. The defendant G. O. R. having paid certain sums of money as interest on certain school land, which accrued to the benefit of the plaintiff, *held*, that he is entitled to be repaid the same with legal interest thereon from the date of such payments respectively to the date of such repayment.

APPEAL from the district court for Gage county. Heard below before APPELGET, J.

*J. E. Cobbey,* for appellants.

*L. M. Pemberton,* for appellees Indiana and C. C. Knapp.

*E. O. Kretsinger,* for appellee Richardson.

COBB, J.

For the facts and history of this case reference is made to the original opinion published in the 23d vol., Nebraska Reports, p. 579. It will there be found that upon the original trial the district court found all of the issues for the plaintiffs; but nevertheless ordered them to pay into court, as a condition of obtaining relief, the sum of $385, an amount previously tendered by them to some of the defendants, and so alleged in their petition.

The case was brought to this court on appeal by the defendant Richardson. ·On the first trial he offered to prove that since the assignment of a certain contract, involved in the suit, to him he had paid into the county treasury of ·Gage county $64.80 for the use of the school fund of the state of Nebraska, as interest money on the school land contract involved in the controversy.

In the opinion of this court, referred to, it was held that the defendant Richardson, by virtue of the assignment to him of the contract therein referred to, was subrogated to the rights of the defendant Knapp in the said moneys tendered to him, and which had been ordered to be paid into court by the plaintiffs, in the decree of the district court, and was also entitled to the repayment of such sums of money as he had expended in good faith for the purpose of protecting the security, and which had inured to the benefit of the plaintiffs; and that with such exception the decree of the district court was correct; but to that extent it must be modified.   The final paragraph is as follows:

"The decree of the district court is reversed, and the cause remanded to that court with instructions to render a decree requiring plaintiffs to pay, not only $385, but the amount of money actually expended by defendant in the payments referred to, if any such payments were made, with the legal interest thereon, and that upon such payment the prayer of the petition be granted and a decree rendered accordingly."

Upon the cause returning to the district court the defendant Richardson was permitted to file an amended answer, as is presumed for the purpose of enabling him to prove the payments of interest on the school contract, evidence of which was probably rejected at the first trial on the ground that such payments were made after the commencement of the suit.   But the amended answer as filed was by no means confined to that subject.

On the second trial the defendant Richardson proved

that on March 26, 1886, he had paid to the treasurer of Gage county, as interest on the school land contract, the sum of $32.40, probably the interest for the year 1885, and on December 31, 1886, had paid to said treasurer for interest due to the state, on the contract for the year 1886, $32.40..

The plaintiffs, on said trial, by the clerk of the district court, and by the records of the court, proved that on August 15, 1887, under the decree of that court, in this action, they had paid into court, for the use of I. Knapp, one of the defendants, the sum of $385.   There was other evidence introduced by either party, not deemed important to consider here.   The controversy on said trial, in addition to the payment of the interest on the school land contract by the defendant Richardson, seems to have been devoted chiefly to the question, whether the plaintiffs should be required to pay interest on this sum of $385 by them paid into court pursuant to the decree.   This decree purports to have been made and entered on June 16, 1887. The money was paid into court on the 15th day of August following.   This is deemed a reasonable time within which to perform the conditions of a decree of court for the performance of an act, where the time is not specifically limited. The language of the decree is to pay into court the sum of $350 with interest at ten per cent per annum from the twelfth day of March, 1885, to the twelfth day of March, 1886.   This would amount to the sum actually paid in, and the language precludes the construction that interest after March 12, 1886, should be calculated on that sum; and I think it clear that the plaintiffs upon paying the full sum required by the decree were absolutely relieved of any supposed obligation growing out of the tender of the original sum, or of their obligation to pay it.

On the trial of the second action the district court made certain findings, and entered a decree by which the plaintiffs were required to pay to the defendant Richardson, within thirty days, the sum of $518.76, or in default thereof

that the lands, in the petition described, be sold as upon execution to pay said sum, and that the plaintiffs have judgment and decree as prayed in their petition, subject however to the claim of defendant Richardson for $518.76. This decree we think to be erroneous, in respect to the amount to be paid to Richardson. It utterly ignores the payment by the plaintiffs of the sum of $385 into the district court pursuant to the original decree, which sum, as I understand it, though paid in for the benefit of Knapp, passed to the credit of Richardson by virtue of Knapp's assignment, and is his property, to be paid to him on demand.

So much of said findings as relates to the two payments of $32.40 each is correct. The decree of the district court is therefore reversed, and a decree will be entered in this court giving the plaintiffs the relief demanded by the original petition, on condition that they pay or tender to the defendant Richardson, or his attorney of record, within sixty days from the entering of such decree, the sum of $64.80 with interest on one-half from March 22, 1886, to date of payment, at seven per cent per annum, and on a like sum from January 1, 1887, at the same rate of interest.

The costs in the court below will be apportioned between the parties according to the rule of the decree of that court.

JUDGMENT ACCORDINGLY.

THE other judges concur.