CHARLES HENRY TOWNSEND, APPELLANT, V. GEORGE A.
SWALLOW ET AL., APPELLEES.

FILED MAY 29, 1912. No. 16,660.

1. **Judgment: INTEREST.** When a court of equity decrees the specific
performance of a contract to convey real estate upon the payment
of a specified amount at a specified time, such decree will not
ordinarily bear interest during the time so specified for payment.

2. ———: PAYMENT: CHECKS. A decree for the payment of money
means lawful money of the United States; the creditor is not
required to receive private checks as a compliance with the de-
cree.

3. **Interest: DEPOSIT IN COURT.** The claim of interest on money de-
posited in court as a performance of the contract sued upon in
equity must be determined upon a consideration of all the equi-
ties existing between the parties.

APPEAL from the district court for Boyd county: WIL-
LIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*W. T. Wills* and *J. H. Macomber,* for appellant.

*D. A. Harrington, M. F. Harrington* and *John A. Davis,*
contra.

SEDGWICK, J.

In May, 1906, the defendant George A. Swallow was in
possession of the real estate in question as the tenant of
the plaintiff, and the parties then entered into a contract
whereby the plaintiff agreed to sell to the defendant the
said premises for $4,000, subject to an outstanding mort-
gage. The defendant paid $25 on the contract. After-
wards, the defendant still being in possession of the
premises, the plaintiff brought an action against him
in the district court for Boyd county to cancel the con-
tract and obtain possession of the land. In the commence-
ment of the original action the plaintiff tendered to the
defendant and deposited with the clerk the $25 which

defendant had paid upon the contract at the time it was made. The defendant, by his answer and cross-petition, asked for a specific performance of the contract. He also tendered the plaintiff as a performance of the contract, and deposited with the clerk, corporate stock of the par value of $2,000, which he alleged the plaintiff agreed in the contract to receive as part payment for the land, and also tendered and deposited with the clerk $1,975 in currency which, with the $25 he had paid to the plaintiff upon making the contract, he alleged was the balance of the purchase price. Upon the trial of the cause the court found generally for the defendant, but rejected the tender of the corporate stock and required the defendant to make payment of the balance due upon the contract in currency, and found that the amount due from the defendant to the plaintiff upon the purchase price was $4,077.46. In computing this amount the court credited the defendant with the $2,000 on deposit with the clerk, which included the $25 paid by the defendant at the making of the contract, so that the plaintiff was entitled to a return of the $25, which he had deposited with the clerk and which would have been due to the defendant if the court had canceled the contract and had quieted the plaintiff's title in the land. The trial court decreed that upon the payment of $4,077.46 within 60 days from the date of the decree the plaintiff should execute to the defendant a warranty deed for the premises, and upon his failure to execute such deed the decree should operate as such conveyance. The defendant was dissatisfied with the decree, and executed a supersedeas bond and took some other steps preparatory to an appeal. He failed to perfect his appeal, and after more than a year had elapsed the plaintiff filed a "motion and petition" in the action, alleging the former decree of the court, that the time for appeal had elapsed, that there was no appeal pending, and that the defendant had "totally and absolutely failed and neglected to comply with said decree." The defendant answered, admitting the decree, and alleging that within 60 days after the

decree he paid into the hands of the clerk the full amount of the decree, and that this payment was made with the consent of the plaintiff. He asked that the "motion and petition" be denied, and that a decree be entered quieting the title. A trial of this issue was had, a finding and decree for defendant, and plaintiff has appealed.

It appears that within 60 days after the entry of the first decree there were negotiations between the parties looking to the settlement of the matter and the abandonment of the proposed appeal. It was agreed between them that the plaintiff should allow $100 discount from the amount of the decree, and the defendant should pay the balance in full as a final adjustment of the matter. After this had been agreed upon between the parties they went to the office of the clerk of the district court to complete the settlement. The defendant George Swallow testified that his father, James Swallow, assisted him in the settlement and was duly authorized. It appears that in making their settlement, before going into the clerk's office, the plaintiff's attorney had considered that the plaintiff was entitled to interest upon the decree from the date thereof, and that in offering to discount $100 the intention was to discount the $100 from the amount so computed. There is some conflict in the evidence upon this point, but it appears that the balance agreed upon as due the plaintiff, in addition to the $2,000 on deposit in the clerk's hands, was $2,111.78, $34.32 having been added as interest. Interest is not ordinarily allowed upon such decrees if payment is made within the time limited. *Cobbey v. Knapp*, 28 Neb. 158. It also appears that in making their computation in the settlement it was considered that the $25 which the plaintiff had deposited with the clerk would be returned to him, and that amount was not included in the amount agreed upon to be paid by the defendant. When they stated their settlement to the clerk, he first made an entry upon his docket showing that there was $2,000 upon deposit. He then made an entry upon his docket showing that the

amount that the parties had agreed upon to be paid by the defendant was paid into court, and the defendant George Swallow drew his check in favor of the clerk upon a local bank for $475, and his father, James Swallow, drew his check upon a bank in Shenandoah, Iowa, payable to the clerk, for $1,636.78, the two checks amounting to $2,111.78, the amount agreed upon to be paid by the defendant. The ·clerk then deducted the costs which had been adjudged against the plaintiff, $29, from the $2,000 upon deposit, and at the request of the plaintiff drew his check for $100 for the discount agreed upon by the parties, and also drew his check for $1,871 in favor of the plaintiff, being the· balance of the $2,000 on deposit. The two checks drawn by the defendant and his father were indorsed over to the plaintiff by the clerk, and these four checks, amounting to $4,082.78, were supposed by the parties to be the amount which the plaintiff was to receive from the clerk. The clerk wrote a receipt for this amount upon his docket, which was signed by the plaintiff. The plaintiff then asked for the $25 which he had deposited, and it was discovered at once that they had made a mistake in the computation in that amount. The defendant retained the one hundred-dollar check and the clerk's check for $6.56 costs which had been advanced by him, and afterwards cashed these checks at the bank.

It appears that the first default in carrying out the settlement that had been agreed upon was the defendant's refusal to correct the mutual error whereby he was allowed a credit for the $25 which belonged to the plaintiff. The plaintiff could not be required to receive checks in lieu of currency in the payment of his judgment, but consented to do so in the settlement, and when the defendant refused to correct the error and complete the settlement as made the plaintiff refused to receive the checks. The evidence shows that the checks were good, and that the defendant might easily, if he had desired, substitute the currency therefor, but he refused to do so. Within 30 days after the failure of the settlement defendant paid

into court the additional $25, thus making good the error in the computation, and the plaintiff might then have received the checks and would have the benefit of the settlement substantially as agreed upon, but he then stood upon his technical right to currency instead of the checks, and also demanded interest for the short time that had intervened since the settlement. Mutual stubbornness prevented the completion of the settlement, and has occasioned this subsequent extensive litigation. It appears that the defendants have, during all of this time, been in possession of the farm and received the rents and profits therefrom. The plaintiff refused to receive the $1,975 deposited with the clerk by the defendant before the trial of the original action, and refused to allow the defendant to complete the purchase of the land upon any terms. It was found by the court that he was in error in so refusing. It seems therefore inequitable to allow him to recover from defendant interest on the money so paid by defendant. The defendant should have corrected the error when discovered, and should have then paid the additional $25. The plaintiff was not bound to receive the amount tendered him without this $25, nor to receive checks in payment if their settlement failed, and it seems therefore that he is entitled to interest on the balance due him under their settlement from the expiration of the 60 days allowed the defendant by the court in which to make payment. Plaintiff has paid the $100 discount agreed upon and should now receive for the land the amount agreed upon in settlement, $2,111.78, and the currency in the hands of the clerk when settlement was agreed upon, $2,000, amounting to $4,111.78, less the amount deposited by the defendant with his answer, $1,975, and $29 costs adjudged against plaintiff, $2,004, leaving a balance of $2,107.78, and should pay the additional costs adjudged against him herein. Defendant is entitled to the $2,025 currency now in the hands of the clerk if he fails to complete the contract and plaintiff keeps the land, and should pay the additional costs adjudged against him herein.

The judgment of the district court is therefore reversed and the cause remanded, with instructions to sustain the motion of the plaintiff and enter decree quieting his title in the land in question against the defendants and all persons claiming .through or under them since the commencement of the original action, upon payment of the costs adjudged against him upon the first trial, unless the defendants pay into court for the plaintiff within 60 days after the entry of the decree the sum of $2,107.78, with interest thereon at 7 per cent. per annum from the 10th day of June, 1908, to the date of such payment, and that upon such payment the plaintiff shall execute to the defendant George A. Swallow a good and sufficient warranty deed for the said premises with the usual covenants of warranty. Upon failure so to do, the decree shall operate as such conveyance. One-half of the costs in the trial court since the original decree and in this court to be taxed against the defendants and one-half against the plaintiff.

REVERSED.