## J. G. COLLIER *v.* J. P. WHITE.

1. TENDER. *Sufficiency. Offer of check.*
    An offer to pay by check or draft is not a tender sufficient in law.

2. TENDER PENDING SUIT. *Costs.*
    A tender after suit has begun must include all accrued costs, otherwise it will be insufficient and may be disregarded.

3. SAME. *Refusal to accept. Costs.*
    After refusing a valid tender, the plaintiff may still recover whatever he is entitled to under the evidence; but if he fails to recover more than the sum offered he is not entitled to costs accruing after the tender. Code 1880, § 1577.

FROM the circuit court of Sunflower county.

HON. GEORGE WINSTON, Judge.

Appellant Collier, as trustee for G. W. Faison & Co., brought this suit of replevin to recover from appellee, White, eight bales of cotton, upon which Faison & Co. held a trust deed executed by one Tanner. The cotton was part of the crop of Tanner, raised upon land rented from the appellee, and the trust deed was given to secure advances and supplies furnished during the year by Faison & Co. to Tanner. About the first of September, appellee purchased from his tenant, Tanner, his entire crop, then only partially gathered, paying therefor a small amount of cash, and assuming to pay the amount due on the trust deed to Faison & Co. Some weeks after the purchase, according to plaintiff's testimony, White called at the store of Faison & Co. and told them he had bought

the crop of Tanner and wished to pay the amount due, whereupon the account was rendered, showing the amount due to be $136.49. This White refused to pay, saying he had only assumed to pay the amount due at the time of his purchase, September 1st, and the account as rendered included $7.74 for goods furnished Tanner since that time. White then tendered to Faison & Co. his draft for the sum of $128.75, which the latter refused to accept, because not for the full amount, and because it was offered in the shape of a draft and not money. White thereupon refused to pay anything. He further testifies that at the time he purchased the crop he procured from Faison & Co. a statement of the amount due, and notified them of his purchase and directed them not to make any further advances to Tanner. He also testified that Tanner was owing him a large amount for supplies furnished as landlord.

This replevin suit was instituted by the trustee to recover a part of the cotton grown by Tanner and turned over by him to appellee. The latter pleaded the previous tender to Faison & Co., and also tendered with his plea and paid into court the sum of $128.75 admitted to be due, which was refused by plaintiff.

The verdict and judgment were in favor of the defendant, and plaintiff appeals.

*Orrick & Baker,* for appellant.

White did not take the cotton in settlement of rent due him by his tenant. He acquired it by a bargain and sale. He bought subject to the trust deed, and having assumed to pay the amount due on it, he cannot defend on the ground that he has a lien on the cotton as landlord. 4 Kent, 104; 4 Wait's Ac. & Def. 212, 213.

The tender by draft and in the court are admissions of the justice of appellant's claim to the amount so offered. 2 Parsons Con. 772; 2 Greenl. Ev. 525.

*Chapman & Paxton,* for appellee.

Tanner owed appellee for rent and supplies, and the landlord's lien being superior to all others, the claim of Faison & Co., under the trust deed, cannot be maintained. The cotton was delivered by the tenant to the landlord, and under such circumstances the case

of *Strauss* v. *Bailey*, 58 Miss. 186, is conclusive in favor of the latter's right to hold it against the trustee.    Code 1880, § 1362.

If a tender could be made, this being a suit *in rem*, then the offer to pay before suit and the tender in court extinguished the lien of the trust deed, and restored to appellee the right of possession.    *Leflore* v. *Miller*, 64 Miss. 207.

COOPER, J., delivered the opinion of the court.

The judgment in this cause must be reversed.    The offer by White before suit brought to pay by a check the sum he admitted to be due by Tanner, and which he had agreed to pay, was not a tender sufficient in law.

The sum paid into court by White after suit brought was insufficient to defeat the plaintiff's right to recover to the extent of the sum admitted to be due by White.    No tender was made of the accrued costs, and if such sum had been tendered, the plaintiff by refusing to accept the offer would not preclude himself from recovering to an amount to which the evidence showed him to be entitled. Refusing the tender as made, he could not recover *costs*, unless he secured a verdict for a greater sum than that admitted.

On the facts of this case the plaintiff should have had judgment, at least for the sum which White had agreed with Tanner to pay.

*Judgment reversed.*