DAVID LUNDON v. LEWIS WADDICK, Appellant.

**Assignment of Errors:** DELAY IN SERVING. Assignments of errors will not be stricken out because not filed within the time required by the rules (section 51), where they were filed more than ten days before the commencement of the trial term, and before it was necessary for appellee to make his argument.

**New Trial:** AGREEMENT NOT TO APPEAL. A judgment reciting: "On condition of the acceptance by plaintiff of six hundred dollars in full for all damages herein, and on further condition that defendant also accept same, and agrees not to appeal to the Supreme Court herein, judgment is hereby entered on the verdict for said six hundred dollars and costs against defendant, and motion for new trial is withdrawn," shows an agreement by defendant not to appeal, in consideration of the reduction of the verdict, and, when it appears that plaintiff, also, promised not to appeal, such judgment constitutes a final settlement of the controversy between the parties; and in such case a petition for new trial will not lie.

PUBLIC POLICY. An agreement by defendant not to appeal from a judgment against him, in consideration of a reduction thereof by plaintiff, and an agreement by plaintiff not to appeal, is not contrary to public policy.

DISCRETION. The granting of a petition for a new trial on the ground of newly discovered evidence, being largely discretionary, is properly refused where the alleged newly discovered evidence may well have been deemed false, and where a different result would not probably be reached on a new trial; especially where no diligence appears.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, MAY 23, 1896.

APPEAL from an order dismissing defendant's petition for a new trial of a case of the same title, which resulted in a verdict and judgment for the plaintiff, in the sum of six hundred dollars.—*Affirmed.*

*Remley & Ercanbrack* for appellant.

*Sheean & McCarn* for appellee.

DEEMER, J.—Appellee presents a motion to strike appellant's assignments of error because not filed in time. It appears that these assignments were not incorporated in the original abstract, but accompanied the appellant's argument. This argument, with the assignments of error, was served upon counsel for appellee on December 21, 1895,—more than ten days before the commencement of the January term, and before it became necessary, under our rules, for appellee to make his argument; and, while it was not filed at the time required by our rules (section 51), yet, as the appellee suffered no prejudice or inconvenience by reason of the delay, the motion will be overruled.

II. The original action was to recover damages for an assault and battery committed by the defendant, and the amount asked was two thousand one hundred and twenty-seven dollars. The defendant filed a general denial, and a counter-claim for a

slander. The action was commenced in the year 1893, and was tried in the court below some time in October of that year. The jury returned a verdict for plaintiff in the sum of eight hundred dollars. Defendant filed a motion for a new trial, and the record shows the following judgment entry, of date October 6, 1893: "On condition of the acceptance by plaintiff of six hundred dollars in full for all damages herein, and on the further condition that the defendant also accept same, and agrees not to appeal to the supreme court herein, judgment is hereby entered on verdict for said six hundred dollars and costs against defendant, and motion for new trial is withdrawn." The petition for a new trial was filed on the second day of October, 1894, and is based upon the ground of newly discovered evidence. Attached to the petition were a number of affidavits, which, in the progress of the trial, were, by agreement of parties, treated as depositions of the various parties who made them. The defendant, in resistance, filed a number of counter-affidavits, and upon these affidavits from either side the case was tried and determined. The alleged newly-discovered evidence went to the extent of the plaintiff's injuries. The first question on the merits of the controversy relates to the effect to. be given the judgment entry which we have quoted. It is contended by appellee that it was, in effect, not only a stipulation or agreement between the parties that the defendant should not appeal, but that it also amounts to a full settlement of the matters in litigation between the parties, and that for this reason the court below properly overruled the petition for a new trial. Appellant contends that "no court can prevent any party from appealing to this court by making the judgment on condition that one of the parties do not appeal." And he further contends that the judgment and the

agreement not to appeal, if one can be inferred, are contrary to public policy. Now, while the judgment entry does not in fact recite that the parties agreed not to appeal, yet such is its effect. It appears that the plaintiff agreed to a reduction of the verdict in the sum of two hundred dollars, and that defendant agreed to accept six hundred dollars and withdraw his motion for a new trial, on condition that neither should appeal the case. This seems to have been satisfactory to defendant, for he did withdraw his motion, as we understand it, and plaintiff accepted the judgment for the reduced amount. It seems to us that there was an agreement on the part of defendant not to appeal, based upon the reduction in the sum of two hundred dollars and his promise not to appeal.

4      Such an agreement, if made, is valid and binding. Courts, without exception, have held that such an agreement, made in a civil case, is not contrary to public policy, and that it will be enforced. See cases cited in 2 Enc. Pl. & Prac., at pages 173 and 174; also, *Independent District of Altoona v. District Township of Delaware*, 44 Iowa, 201. We are also of opinion that the defendant not only agreed not to appeal the case, but that the judgment, in the form it was entered, was a complete and final settlement of the controversies between the parties, and that a petition for a new trial will not lie in such a case. Whether an independent suit in equity might be prosecuted for the purpose of setting aside a judgment based upon fraud, mistake, or some other equitable circumstance, we need not determine. But, if we be in error respecting this construction of the judgment, there is no reason for disturbing the order of the district court. The matter of sustaining such petitions rests peculiarly within the sound discretion of the trial court, and, unless abuse of discretion is shown, we

cannot interfere. Before sustaining such an application, it should be made to appear that there is reasonable ground to believe that a different result will be reached upon a retrial. The applicant must also show that he exercised diligence to discover the evidence before the case was decided. There is nothing in the record before us showing what the evidence was in the first trial, and for that reason we cannot say there is reason to believe the result might be different if the case were retried. And the record is absolutely barren of any evidence that defendant made any effort to discover the evidence which he claims is sufficient to give him a new trial, before the original case was submitted. Moreover it appears that most of the witnesses whose testimony it is claimed was newly discovered were witnesses at the original trial. But, aside from all this, there was a decided and hopeless conflict in the evidence taken before the court upon the hearing from which the appeal was taken, and the court below may very well have concluded that the testimony claimed to have been newly discovered was false and untrue, and that if a new trial was granted the result would not have been different. There is no reason shown for disturbing the order of the trial court, and it is AFFIRMED.