IOWA SAVINGS & LOAN ASSOCIATION, Appellee, v. JAMES
KENT, Appellant.

**New trial.** It was not an abuse of discretion to refuse to set
aside a judgment and grant a new trial to a defendant who had
appeared in the action, but before trial was compelled to enter
a hospital for treatment, where it appeared that the cause was
continued several times for his benefit and there was no show-
ing that he had taken any of the usual precautions, which a
man of ordinary prudence having a cause pending for trial
would have taken.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

MONDAY, NOVEMBER 19, 1906.

REHEARING DENIED, MONDAY, MAY 20, 1907.

THIS is an action to set aside a judgment rendered against the defendant and for a new trial of the case based upon unavoidable casualty and misfortune preventing an appearance by defendant to the original suit. The trial court denied the petition, and defendant appeals.— *Affirmed.*

*McLennan & Brennan,* for appellant.

*Edgar C. Corry,* for appellee.

DEEMER, J.— The original action was upon two promissory notes executed by defendant to plaintiff. Defendant entered an appearance to the action and filed a demurrer and a motion for a more specific statement. Stipulations were also entered into regarding the time when defendant should plead, and thereafter an answer was filed. The case was then sent to a referee by agreement of parties. This referee set the case for hearing on June 16, 1905. As defendant did not then appear, the hearing was postponed until June 23d, and defendant not then appearing, it was postponed until the 26th. Defendant did not then appear and the case was again continued until June 30th, but he then made no appearance, and another postponement was made until July 1st. Defendant did not then appear, and the referee refused to grant any further continuances. The case was then heard by the referee who found that certain credits should be made upon the notes and that plaintiff should have judgment for $290.70. The report was confirmed and judgment was entered accordingly. Execution was issued upon the judgment on July 5th under which a levy was made July 6, 1905. This application to set aside the report of the referee and the judgment and for a new trial was made

and filed on the 14th day of July, 1905. The grounds for this as stated in the application are as follows:

(4) That in truth and in fact the defendant in this cause is a man of advanced years, being 64 years of age, and that for the past two years the defendant has suffered from a nervous disease known as 'locomotor ataxia,' and that prior to and on or about the 10th day of June, 1905, the defendant was severely stricken with said disease, and was compelled thereby to go to a private hospital in the city of Chicago, and that on or about the 10th day of June, 1905, and up to the 5th day of July, 1905, he was confined in a private hospital in the city of Chicago in the State of Illinois, and that during said time he suffered great physical pain and mental suffering, and to such an extent that it was practically impossible for him to attend to any business of any kind or character or even to inform his nearest friends and relatives of his whereabouts, and that he was advised by his attending physician to refrain from even the thoughts of all business concerns, and that during all of said time this defendant was practically incapable of attending to any business of any kind, and had he known of the fact that said cause was set for trial and hearing, it would have been utterly impossible for him to have attended in any form; that his first knowledge that this cause had been tried and judgment rendered was when he returned to Iowa after the 5th day of July, 1905, and that at once upon hearing that said cause had been determined, he wrote his attorneys, and came immediately to Des Moines.

This was verified by defendant.

It also appears that defendant's attorneys wrote him numerous letters between June 9th and July 1st, addressed to his usual place of residence at Marengo, Iowa, informing him of the days upon which the case was set for trial, and requesting him to appear and defend, but that they received no response until about July 10th. The matter of granting a new trial in cases of this kind rests peculiarly within the sound discretion of the trial court, and we are not justified in interfering save where that discretion has manifestly been

abused.  *Callanan v. Bank,* 84 Iowa, 8; *Rogers v. Cummings,* 11 Iowa, 459; *Lundon v. Waddick,* 98 Iowa, 478. The trial court was justified in taking into account defendant's appearance, and in considering with great care his showing, for the reason that every effort was made to give him a hearing before the default was taken and judgment rendered.  There was no showing that defendant took any of the usual precautions before leaving home for Chicago that a man of ordinary prudence having a case then pending for trial, would have taken; no showing that the letters addressed to him by his attorneys did not reach him or some of the members of his family, and no showing that his attack was such as to prevent his taking the usual precautions and using the ordinary prescience that any person of ordinary prudence would adopt before going to a hospital.

We are not disposed to interfere with the order denying the retrial, and it is *affirmed.*