# Richmond

MAIN STREET BANK, INC. V. PLANTERS NATIONAL BANK OF
RICHMOND

March 12, 1914.

Absent, Cardwell, J.

1. PAYMENT—*Check.*—A check is not a payment except by express
   agreement; and where a debtor pays a creditor by check,
   which is fraudulently obtained from the creditor and paid on a
   forged endorsement, the debtor is not discharged and may
   be again called upon to pay his debt.

2. BILLS AND NOTES—*Check*—*Forged Endorsement.* — The endorser
   of a check upon which there is a prior forged endorsement is
   obliged to make it good to a subsequent innocent holder for
   value.   By the terms of the Negotiable Instruments Act, by
   his endorsement, he warrants:   That the instrument is gen-
   uine and in all respects what it purports to be; that he has
   good title to it; and that all prior parties had capacity to
   contract.

Error to a judgment of the Law and Equity Court of
the city of Richmond in an action of assumpsit.   Judg-
ment for the plaintiff.   Defendant asigns error.

*Affirmed.*

The opinion states the case.

*O'Flaherty, Fulton & Byrd,* for the plaintiff in error.

*George Bryan* and *Eugene C. Massie,* for the defend-
ant in error.

HARRISON, J., delivered the opinion of the court.

This is a controversy involving the liability of a prior endorser to a subsequent endorser upon three negotiable notes aggregating $403.71, for which sum the plaintiff in the lower court obtained judgment with interest. A jury was waived and the whole matter of law and fact was submitted to the court and the case is now before us upon the facts considered as upon a demurrer to the evidence.

It appears that Kingan & Co. conducted their business under the trade name of "Albert E. Jordan," and that their customers discharged their indebtedness for goods purchased by checks payable to "Albert E. Jordan." In accordance with this custom of the business, the payee in each of the three checks here involved was Albert E. Jordan. The same considerations are applicable alike to each of these checks, and the result as to one follows as to all. We will, therefore, as typical of each, only deal with the check dated San Francisco, Aug. 18, 1910 drawn by E. J. Boebeeg, cashier, on the Merchants National Bank of New York to the order of Albert E. Jordan for $199.64. When this check was received by Kingan & Co. it was stolen by a clerk in their employment, who forged the name of Albert E. Jordan, the payee, on the back of the check, endorsed thereunder his own name, and deposited the same to his own account in the Main Street Bank, Inc., the plaintiff in error. That bank endorsed the same to the Planters National Bank of Richmond, the defendant in error, who in turn endorsed it as follows: "Prior endorsements guaranteed. Pay to the order of any National or State Bank." This endorsement was signed by the Planters National Bank and the check forwarded to its New York correspondent for collection. There it was paid by the Merchants National Bank of New York upon which it had been drawn. After being paid by the drawee bank and

debited to the drawer, it was discovered that the payee's name had been forged and the proceeds credited by the plaintiff in error bank to the forger's account. Thereupon the drawee bank credited the amount of the check to the account of the drawer, and were themselves similarly credited by other banks through which the check had passed, including the defendant in error. When, however, the defendant in error demanded of its prior endorser, the plaintiff in error, satisfaction of the forged check, the latter declined to make good its endorsement of the check to the former, and thereupon this suit was brought and decided, as already seen, in favor of the defendant in error.

The law is well settled that a check is not payment except by express agreement; that where a debtor pays a creditor by check, which is fraudulently obtained from the creditor and paid on forged endorsement, the debtor is not discharged and may be again called upon to pay his debt. *First Nat. Bank* v. *Whitman,* 94 U. S. 343, 24 L. Ed. 229; *Leather Mfrs. Bk.* v. *Merchants Nat. Bk.,* 128 U. S. 26, 9 Sup. Ct. 3, 32 L. Ed. 342; *Thomas* v. *Bank of British N. A.,* 82 N. Y. 1; 2 Daniel on Neg. Instr., sec. 1623.

The endorser of a negotiable instrument, upon which the name of a prior endorser is forged, "by endorsing it, warrants that he has clear title thereto, and that the instrument is the genuine article it purports to be, and is, therefore, bound by his endorsement to all parties subsequent to him, even though the paper has been discounted by a prior party." 2 Daniel on Neg. Instr., sec. 1357.

In 5 Cyc 549, citing numerous authorities in support of the text, it is said: "When several successive endorsers have advanced money on paper payable to order, and neither, it finally appears, had a title because the first

endorsement was a forgery, each may recover from his immediate endorser."

Recognizing these well established principles, the drawer of the check which was stolen and forged, paid Kingan & Co. their debt, and the drawee bank which had paid the forged check, at once reimbursed the drawer, and this course was followed by each of the banks through which the check passed until the defendant in error paid the bank to which it had endorsed the check.

Kingan & Company are not parties to this suit, and yet the case has been argued as if it involved a controversy with that concern. The grounds of defense suggested and relied on by the plaintiff in error, if sound, might have some relevancy in a controversy between the plaintiff in error and Kingan & Co., but they have no bearing upon the issue involved in this case between these two banks. That issue is a simple one, and in the light of the authorities cited is easily determined. When the Main Street Bank endorsed the check in question, upon which the name of a prior endorser had been forged, and passed to the Planter's National Bank, an innocent holder, it guaranteed that the title thereto was clear, that the instrument was the genuine article it purported to be, and thereby obligated itself to hold the Planters' National Bank harmless. The liability of the plaintiff in error to make good this check to the defendant in error, under the facts of this case, is not only made clear by the authorities cited, but such liability is put beyond question by the Negotiable Instruments Law, which entered into and formed part of the contract between the two banks. That statute provides in part that, "Every person negotiating an instrument by delivery or by a qualified endorsement warrants: That the instrument is genuine and in all respects what it purports to be; that

he has a good title to it; and that all prior parties had capacity to contract.''   Code, 1904, p. 1470, sec. 65.

It is clear, therefore, that the Main Street Bank, when it endorsed the check under consideration to the Planters Bank, warranted, among other things, that it had a good title to it, and that the forger had capacity to endorse it.   It is clear that the rights of the parties to this litigation have been properly determined by the lower court, and its judgment must be affirmed.

*Affirmed.*