## REEVES REALTY CO. v. BROWN.

No. 3985.    Opinion Filed March 2, 1915.

(147 Pac. 318.)

1.  PAYMENT — Stipulations — Sufficiency — Check.  A stipulation signed by the parties to a suit then pending in court on a motion for a new trial, and which stipulation is filed in said suit, and in which it is agreed that the plaintiff will, within a time named, pay to the defendant a balance due on a contract of sale, otherwise the motion for a new trial shall be sustained, where fairly entered into, relied upon by the parties, and acted upon by the court, will be enforced; and where plaintiff fails to make a valid tender of. the sum due within the time named in the stipulation, but, on the other hand, tenders a personal check drawn by a third party, which check is refused at the time on the ground that the representative of the defendant, to whom the check is tendered, is without authority to accept a check, it is error for the court to conclude that a sufficient tender had been made, and to deny defendant a new trial.

2.  PAYMENT—Sufficiency—Bank Check.  An offer of a bank check for an amount due is not ordinarily is this true where the tender of the check at the time is refused on the ground that it is not a legal tender.

(Syllabus by the Court.)

*Error from· District Court, Muskogee County;*

*R. C. Allen, Judge.*

Action by Jesse Brown against the Reeves Realty Company.

Form 24

Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*Irwin Donovan,* for plaintiff in error.

*Cornelius J. Jones,* for defendant in error.

SHARP, J.  Plaintiff's action was one for the specific performance of a contract for the conveyance of certain lots in the city of Muskogee.  Issues being joined by amended answer and reply thereto, said suit came on for hearing on the 15th day of November, 1911, in the absence of the defendant.  After the introduction of plaintiff's evidence, the court rendered judgment in plaintiff's behalf, decreeing that said defendant execute and deliver to said plaintiff a warranty deed to the lots named in the contract of sale.  On November 18th following, the defendant filed its motion for a new trial, to which plaintiff on November 22d filed a written reply.  On November 27th following, plaintiff and defendant entered into and caused to be filed in court certain written stipulations, whereby it was agreed that plaintiff was to be given credit for certain taxes and insurance paid on said property, and that, upon payment by plaintiff to defendant of the balance due within 30 days from date with interest, the defendant agreed to execute a warranty deed to said plaintiff to said lots, and to pay the costs of suit.  It was further agreed by said written stipulation that, if payment by plaintiff was not made as therein set forth, the motion for new trial should be sustained.  The amount to be paid defendant by plaintiff as a result of said agreement was proven to be $67.50.  On December 28th the defendant filed a motion directing the court's attention to the stipulation on file, and in which it was charged that said plaintiff had failed to pay the said sum of $67.50 within the time agreed upon, and asked that its motion for a new trial be sustained, both upon the merits of its original motion and under the terms of the stipulation.  On the same day the plaintiff

filed his motion, also calling attention to the stipulation of the parties, and stated that within the time stipulated said plaintiff tendered to the attorney of defendant a check for $67.50, signed by W. E. Rowsey, drawn on the Oklahoma State Bank of Muskogee; that said attorney was duly authorized in the premises, and had in his possession for delivery the deed from defendant, but that, upon said tender being made, said attorney arbitrarily refused to accept the same or to deliver to plaintiff the defendant's deed. Said motion concluded:

"Plaintiff, having complied with his agreement in all particulars, now asks that the court order the immediate enforcement of the decree rendered on the 15th day of November, 1911."

In support of the respective motions, evidence was heard as follows: C. J. Jones testified that on or about 5:30 p. m. on the 27th day of December, acting for the plaintiff, he tendered defendant's attorney, Irwin Donovan, the Rowsey check, which Donovan refused to accept; and the further statement was made by Mr. Jones that he continued and renewed his offer or tender of the check. Mr. Jones also admitted that, when the check was tendered Donovan, he was advised by the latter that he had no authority to receive a check. Donovan's testimony was that Jones tendered him a check as stated, and that he advised him he had no authority to receive a check, but would accept the money or a legal tender at any time until 7:45 that night, if Mr. Jones would assure him that he would return during the evening with the money; that he had the deed in his pocket ready to deliver upon the receipt of the money. As a result of the hearing on the motion, the court found as follows:

"And the court, having heard the evidence introduced on the part of plaintiff and on the part of the defendant, doth find that plaintiff fully complied with the terms of the stipulation, filed in this cause, by making sufficient tender of the sum of $67.50, which the court finds was the amount agreed upon by the parties as the sum to be paid under the terms of said stipulation, and

the further tender in open account, on the hearing of said motions, which said tender is a continuing one in the office of the district clerk, and it appearing to the court that under the terms of said stipulation plaintiff, upon the performance by him of his part thereof, became entitled to have immediate performance of the judgment of the court."

Defendant's motions were thereupon overruled, and the case is brought to this court for review.

The binding effect of the stipulation of November 27th is not attacked by either party; in fact, each rely upon the alleged failure of the other to keep and observe its terms. Not only the parties, but the court as well, acted in pursuance of the respective undertakings, as set forth in the stipulation. Parties by their stipulations may in many ways make the law for any legal proceedings to which they are parties, which not only bind them, but which the courts are bound to enforce. *New York, L. & W. R. Co.,* 93 N. Y. 385; *Dubuc v. Lazell et al.,* 182 N. Y. 486, 75 N. E. 401. Courts, without exception, hold that agreements of the character under review, made in civil cases, are not contrary to public policy, and will be enforced. *Lundon v. Waddick,* 98 Iowa, 478, 67 N. W. 388; *Keys v. Warner et al.,* 45 Cal. 60.

The court having denied the defendant's motion for a new trial, not upon the grounds assigned in the original motion, but for the reason that plaintiff had complied with his part of the stipulation by making sufficient tender of the amount due within the time fixed, it is necessary only to determine whether a valid tender in effect was made. The stipulation nowhere provided that payment might be made by check, but only that payment of the balance due should be made by plaintiff. When the check was tendered defendant's attorney, objection to the sufficiency of said tender was made on the ground that he was without authority to receive a check, but would accept money or legal tender. As a general rule a check is not sufficient to constitute a legal tender.

*Gunby v. Ingram et ux.,* 57 Wash. 97, 106 Pac. 495, 36 L. R. A. (N. S.) 232, and note; *Chapple v. Kansas Vitrified Brick Co.,* 70 Kan. 723, 79 Pac. 666; *Main Street Bank v. Planters' Nat. Bank of Richmond,* 81 S. E. 24; *Collier v. White,* 67 Miss. 133, 6 South. 618; *Townsend v. Swallow et al.,* 91 Neb. 564, 136 N. W. 731. There being no waiver on the part of the defendant of its right to insist upon a valid tender, it was error for the trial court to conclude that a sufficient tender of the balance agreed upon was made within the meaning of the stipulation of the parties.

Subsequent to the original judgment, the plaintiff by his solemn agreement admitted that there was a balance due the defendant, which should be paid it before he was entitled to a deed. Notwithstanding this admission, and the failure to pay said sum according to his agreement, the court ordered and directed the issuance of the deed. As we have already seen, there being nothing in the stipulation to the contrary, and no waiver by defendant, the latter was entitled to the payment of the money due it by plaintiff, within the time fixed by the parties.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

All the Justices concur.