## WINANS v. HARN et al.

No. 18883.  Opinion Filed March 12, 1929.

Hayson & Lukenbill and J. W. Hayson, for plaintiff in error.

W. F. Harn, pro se.

H. S. Hurst, pro se.

Ledbetter, Stuart, Bell & Ledbetter and H. L. Stuart, for defendant in error Hare.

LEACH, C. This action was originally commenced in the district court of Oklahoma county by the plaintiff in error, John F. Winans, against W. F. Harn, defendant; later, by amended petition, Homer S. Hurst and Bertha Hare, administratrix, were included as parties defendant. The amended petition, upon which the cause was tried, alleged, in substance, that on January 1, 1909, the plaintiff, Winans, and the defendant Harn were each the owners of 160 acres of land; that they entered into a partnership for the purpose of promoting the development of such lands as additions to Oklahoma City; that subsequent thereto, the defendant Hurst became interested and associated with them; that the partnership so entered into, formed, organized, and incorporated the Oklahoma City Land & Development Company, for the purpose of constructing, owning, and operating a line of street railways through and adjacent to the lands of the plaintiff and defendant Harn; that the defendant Hurst contributed certain properties which he owned to the partnership, which were assigned to the said development company; the plaintiff and defendant Harn were to furnish all necessary moneys and expenses in the management of the partnership and corporation; that, during the year 1910, Alfred Hare, now deceased, associated himself with the said parties, agreeing to furnish one-third of the costs for the operation of the partnership and handling the corporation; that he, Hare, died in 1923, and the defendant Bertha Hare was duly appointed administratrix of his estate; that, for the purpose of further developing the properties and promotion of the street railway, there was organized the Capitol Traction Company and the Capitol Realty Company, and the various assets of the Oklahoma City Land & Development Company were transferred to said corporations; that the plaintiff and the defendant Harn, up until November 22, 1922, contributed moneys to the various corporations to defray the expenses thereof; that he, plaintiff, contributed to the partnership $30,000 more than was contributed by the said Harn and Hare; that the partnership has ceased to function, and the purpose for which it was organized has either been disposed of or abandoned, and that further continuation thereof is unnecessary; that considerable property is owned by the partnership and held in the name of the corporations. Plaintiff prayed that the partnership be dissolved, for an accounting between the parties, and that the property be sold and proceeds distributed according to the interests of the respective parties.

The defendant Hare filed an answer generally denying the partnership, and further alleged that the administration upon the estate of Alfred Hare, deceased, had been closed; that due notice was given to creditors, and no claim was filed by plaintiff as against such estate; further alleged that a final settlement was had between Alfred Hare, the plaintiff, Winans, and other parties defendant to the action, on June 3, 1911, as shown by copy of written agreement set out in the answer, and further alleged that plaintiff's claim was barred.

The defendant Hurst filed answer generally denying the partnership, and pleaded the statute of limitations against plaintiff's claim.

The defendant Harn, after filing certain preliminary pleadings, filed his answer, generally denying the allegations of plaintiff's amended petition, and alleged that the claim upon which plaintiff based his right of action was res adjudicata by reason of certain other suits and actions wherein the parties involved in the instant suit here were parties plaintiff or defendant, and plaintiff was estopped by reason of the written agreement of June 3, 1911, and his conduct and acts in dealing with the various corporations, and further pleaded the statute of limitations as a defense.

A reply was filed by the plaintiff, and the cause was tried to the court, the parties

waiving a jury. In the progress of the trial, the defendant Hare introduced the record in another suit, involving matters pertaining to the alleged partnership and corporations, wherein Alfred Hare was plaintiff and Winans, Harn, and Hurst defendants; also the written agreement entered into by the said Hare, Winans, and Harn, dated June 3, 1911. It being admitted by the plaintiff that the estate of Alfred Hare, deceased, had been administered upon, due notice to creditors given, and that he did not file any claim against such estate, and that he had nothing to offer in opposition to such record and evidence, the trial court, on motion of the defendant Hare, dismissed the case as to her, and the trial proceeded between the other parties thereto.

Upon completion of plaintiff's evidence, the defendant Harn interposed a demurrer thereto, and moved the court for dismissal of the action and for judgment in his favor on the ground that the evidence offered did not prove or establish the alleged partnership, and upon the further ground that the action was barred by the statute of limitations, res adjudicata, and plaintiff by reason of his conduct was estopped. The court sustained the demurrer and motion upon the ground that plaintiff's evidence failed to show a partnership, and entered judgment for defendants, from which the plaintiff brings this appeal and presents in his petition in error as grounds of reversal six assignments as follows: (1) That the court erred in overruling plaintiff's motion for a new trial. (2) That the judgment is contrary to the evidence. (3) That the judgment is contrary to the law. (4) That the judgment is contrary to the law and the evidence. (5) The court erred in sustaining a demurrer to the evidence. (6) The court erred in failing to render judgment for plaintiff.

The argument and authorities set forth in plaintiff's brief are directed to the fifth assignment of error, that is, to the action of the trial court in sustaining the demurrer and motion of the defendant. Plaintiff, after setting out in his brief excerpts from his evidence, quotes from the rule announced in Davis v. Bell, 76 Okla. 252, 185 Pac. 105, where the court said: "A demurrer to the evidence admits the truth of the evidence and all reasonable inferences to be drawn therefrom," which case, with others cited in support, we find to be jury cases.

The plaintiff further contends that the established rule in cases where a demurrer is interposed to the evidence is, that the truth of plaintiff's evidence is admitted, the evidence most favorable to the demurrant must be withdrawn, the court must not weigh conflicting evidence, and that under such rules, when considered with the statutory provisions of law relating to partnership, plaintiff's evidence was sufficient to withstand a demurrer, and that the court erred in its ruling and judgment.

The rule advocated and sought to be applied under plaintiff's argument in the instant case has been frequently passed upon adversely to plaintiff's contention.

In the case of Luster v. First Nat. Bank in Oklahoma City, 111 Okla. 168, 239 Pac. 128, it is said in the syllabus:

"(2) The rule providing that in passing upon a demurrer to the evidence, in jury trials, the truth of the evidence attacked, together with all reasonable inferences and conclusions that may be drawn therefrom, must be indulged by the court, has no application to trials to the court, without the intervention of a jury."

"When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and, when the plaintiff has introduced all his proof, and rested, no right of his will be impaired, if the court then determines what has been proven." Porter v. Wilson, 39 Okla. 500, 135 Pac. 732; Lowrance v. Henry, 75 Okla. 250, 182 Pac. 489; Sheppard v. Holt, 119 Okla. 168, 249 Pac. 302; Tiger v. Ward, 60 Okla. 36, 158 Pac. 941.

The case of Penny v. Vose, 108 Okla. 103, 234 Pac. 601, was one involving rights under a written contract in which action the plaintiff alleged the contract to be in the nature of a partnership still existing, and that the defendant was a trustee. The trial court sustained a demurrer to plaintiff's evidence, and this court upon appeal said in the syllabus:

"2. The rule that upon a demurrer to the evidence, the court cannot weigh conflicting evidence, but must treat as withdrawn that which is favorable to demurrant, applies only to law cases where a jury is impaneled, and does not apply to equity cases and law cases where a jury is waived. Such a rule applies only to conflicting evidence, and not in any case where the evidence produced is uncontroverted.

"3. In an equity case, where the defendant has demurred to the testimony of the plaintiff and the court has rendered judgment for the defendant after weighing the evidence, the judgment of the trial court

will not be reversed unless against the clear weight of the evidence"

—and in the body of the opinion:

"When the plaintiff has introduced all his testimony and rested, if upon a consideration of all such testimony, the court, trying the case without a jury, is of the opinion that the defendant should prevail, it would be an idle thing to require the defendant to put on testimony to bolster up a case he had already won. When the plaintiff has exhausted his testimony and so announces by closing his case, it is not error for the court to weigh plaintiff's evidence and pronounce judgment for defendant where the testimony warrants. * * *

"The practice should be exactly the same in an equity case as in a law case where a jury is waived. The matters are equally before the judge alone for his consideration. There could be a difference, of course, on appeal; in the equity case the judgment being sustained unless against the clear weight of the evidence, and in the law case where there was competent evidence reasonably supporting the judgment."

The trial court in the instant case evidently weighed the evidence and passed upon the sufficiency thereof, as is shown by the following found in the journal entry:

"And the court, having heard all the testimony offered by the plaintiff and being fully advised in the premises, finds as a fact that under the plaintiff's evidence and that of all his witnesses, the plaintiff does not show a partnership between plaintiff and defendants or between plaintiff and any one or more of said defendants, and that plaintiff's evidence and that of plaintiff's witnesses introduced in said action affirmatively show that a partnership between the plaintiff and the defendants, or between any of them, never was entered into and never was intended and never did exist. And the court concludes that the demurrer of defendant Harn to plaintiff's evidence and his motion that the court render judgment in favor of said defendant and against the plaintiff and for a dismissal of the within action should be sustained."

The plaintiff's argument is chiefly directed to the contention that the plaintiff and defendant Harn were partners, and but little, if any, complaint is made as against the ruling of the court in dismissing the action as to the defendant Hare.

We have duly considered the entire record, and are of the opinion that the finding and statement of the court to the effect that the evidence failed to establish a partnership and affirmatively showed the contrary, is reasonably supported by the evidence and record.

The defendants Harn and Hurst set out

and argue in their answer brief, in support of the judgment, that plaintiff's claim was barred, and that otherwise he was not entitled to recover by reason of the matters and things pleaded in the answer of the defendant Harn. Such argument may have merit, but we do not deem it necessary to consider or discuss the same in view of our holding herein.

Finding the judgment complained of to be supported by the evidence and record, the same should be and is affirmed.

TEEHEE, REID, FOSTER, and HERR, Commissioners, concur.

By the Court: It is so ordered.