**EVANS v. RAPER et al.**

No. 28669. May 31, 1939.

Rehearing Denied Sept. 12, 1939.

Moss & Young, for plaintiff in error.

N. E. McNeill, Charles P. Gotwals, Wm. A. Killey, and James D. Gibson, for defendant in error.

CORN, J. The parties to this appeal appear in the same order as in the trial court and will be so referred to herein.

The facts disclosed by record are as fol-

lows: On October 30, 1928, U. R. Evans, father of plaintiff, sold the defendants the south half of lot 1, block 145, in the original town site of Tulsa, Okla., for the sum of $17,500, in payment of which the defendants made a down payment of $2,500, and executed six promissory notes of that date in the sum of $2,500 each, payable serially on May 1st and November 1st of each year thereafter until the series were fully paid, with interest at 8 per cent. payable semi-annually, if said principal payment was paid when due, otherwise to bear interest at 10 per cent. until paid; and said notes were secured by a real estate mortgage upon the premises.

The defendants paid the first three of the notes, making a total of $10,000 paid on the purchase price, and defaulted in the payment of the remaining three notes. The said U. R. Evans, payee and mortgagee, prior to his death, assigned and transferred the remaining three notes and the mortgage to his daughter, the plaintiff herein. It was upon these notes and for the foreclosure of the mortgage securing same that this action was brought.

Delinquent taxes had accrued against the property in the sum of $1,100. At the time of the commencement of the foreclosure suit in May, 1933, property values in Tulsa had dropped to a low level on account of the depression, which at that time had advanced to its most crucial stage, and it was doubtful if the property would sell at sheriff's sale for the amount of the unpaid mortgage indebtedness. The defendants had a considerable amount of property, but most of it was encumbered with mortgages and tax liens, and the defendants were of doubtful solvency, if not actually insolvent under existing conditions, and were threatened with bankruptcy. The defendants offered to reconvey the property here involved to the plaintiff for the discharge of the indebtedness, but plaintiff declined the offer. Thereafter the plaintiff and defendants agreed upon a compromise settlement whereby the defendants were to pay the plaintiff the sum of $3,500 in full settlement of the debt, under the terms of which agreement defendants were to pay $1,000 cash, and the balance in three deferred payments, two of $1,000 each and the final payment of $500. This agreement was reduced to writing in the form of a stipulation and signed by the parties and their respective counsel, and filed in the case. Pursuant to this agreement the defendant made the $1,000 cash payment and also paid the delinquent taxes in the sum of $1,100 for the

protection of the security. The plaintiff refused to accept further payments under the stipulation and filed a motion to vacate and set aside the same. The defendants tendered in court the balance due under the stipulation. The motion was based upon allegations of fraud in the procurement of the compromise settlement, setting out that defendants' financial condition was misrepresented to plaintiff. The defendants obtained leave to file a response to said motion and an answer and cross-petition to plaintiff's second amended and supplemental petition. The cause was then heard upon the issue of fraud in obtaining the compromise settlement as evidenced by the stipulation, the same being tried to the court without the intervention of a jury, and at the conclusion of the plaintiff's evidence, the court sustained the defendants' demurrer thereto and rendered judgment in accordance with the stipulation. It is from this judgment that the plaintiff brings this appeal.

A multiplicity of propositions are presented by the briefs, but as we view the case the determinative question is whether in the absence of fraud the stipulation is binding upon the parties to it, and whether the evidence was sufficient to withstand the demurrer.

It is a well-settled proposition of law that litigants may stipulate concerning their respective rights involved in the case and are bound thereby where the agreements contained in the stipulation are not obtained through fraud, or not contrary to law or public policy, and that the courts will enforce the same. Reeves' Realty Co. v. Brown, 45 Okla. 737, 147 P. 318, and cases cited therein.

This question is discussed and the authorities extensively reviewed in the case of People ex rel. et al. v. Spring Lake Drainage and Levee Dist. et al., 253 Ill. 479. 97 N. E. 1042, 1047, in which the court said:

"A stipulation concerning a pending cause in court is an obligation unlike ordinary contracts between parties not in court. Ward v. Clay, 82 Cal. 508, 23 P. 227; Barry v. Mutual Life Ins. Co., 53 N. Y. 536. Since no consideration is necessary to its validity (Howe v. Lawrence, 22 N. J. Law, 104), no mutuality is required, and it may bind those incapable of binding themselves out of court and is subject to supervision of the court. 20 Ency of Pl. and Pr. 607."

Also see In Assignment of Rich Hardware Co. (Ariz.) 196 P. 454.

428

Where a jury is waived and the cause tried to the court, a demurrer to plaintiff's evidence is in the nature of a motion for judgment upon plaintiff's evidence, and the rule applied to a demurrer to the evidence in jury trials does not apply.

In the case of Universal Life Ins. Co. v. Berry, 177 Okla. 92, 57 P.2d 879, the distinction is made in the first and second paragraphs of the syllabus, as follows:

"The rule providing that in passing upon a demurrer to the evidence, in jury trials, the truth of the evidence attacked, together with all reasonable inferences and conclusions that may be drawn therefrom, must be indulged by the court, has no applications to trials to the court without the intervention of a jury. Luster et al. v. First Nat. Bank in Oklahoma City, 111 Okla. 168, 239 P. 128.

"The legal effect of a demurrer to the evidence by the opposing party after his adversary has closed his case is the same as that of a motion for judgment, or for nonsuit. Luster et al. v. First Nat. Bank in Oklahoma City, 111 Okla. 168, 239 P. 128."

In Harjo v. Willibey, 138 Okla. 212, 281 P. 265, this court said:

"In discussing the various propositions presented by plaintiff, they will be considered in the light of the repeated holdings of this court to the effect that, in the trial of an equity action or a law action where a jury is waived, a demurrer to plaintiff's evidence is in the nature of a motion for judgment upon plaintiff's evidence, and in such case it is the trial court's duty to weigh the evidence and decide the questions of fact there presented, and if the court is of the opinion that the defendant should prevail, such finding and judgment will not be disturbed on appeal if supported by sufficient evidence regardless of whether there is some evidence to the contrary. Tiger v. Ward, 60 Okla. 36, 158 P. 941; Lowrance v. Henry, 75 Okla. 250, 182 P. 489; Penny v. Vose, 108 Okla. 103, 234 P. 601; Nolan v. Mathis et al., 134 Okla. 70, 272 P. 857; Winans v. Harn et al., 136 Okla. 5, 275 P. 618."

In Winans v. Harn et al., 136 Okla. 5, 275 P. 618, the syllabus is as follows:

"The rule that upon a demurrer to the evidence the court cannot weigh conflicting evidence, but must treat as withdrawn that which is favorable to demurrant, applies only to law cases where a jury is impaneled, and does not apply to equity cases and law cases where a jury is waived.

"In a law case, where a jury is waived and the cause tried to the court, and the defendant demurs to plaintiff's evidence and moves for judgment thereon, and the court renders judgment for the defendant after weighing the evidence, such judgment will not be reversed where the same is reasonably supported by the evidence."

In this case we do not find any evidence of fraud on the part of the defendants or their agents or attorneys in the negotiation of a compromise settlement. The evidence as to the financial situation of the defendants at that time leaves no foundation for the alleged falsity to the representations upon which the compromise settlement was made.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur.