**LILLARD PIPE AND SUPPLY, INC.,**
an Oklahoma Corporation,
**Plaintiff in Error,**

v.

**Joe BAILEY et al., Defendants in Error.**
**No. 40032.**

Supreme Court of Oklahoma.
Nov. 12, 1963.

Spurr & Steed, by J. Rex Spurr, Shawnee, for plaintiff in error.

Eugene P. Ledbetter, Jr., Edwin E. Riffel, Oklahoma City, Leslie B. Younger, Ada, William A. Vassar, Chandler, for defendants in error.

JACKSON, Justice.

The issues in this appeal stem from a pre-trial conference conducted on November 22, 1961, pursuant to a rule of practice adopted by this court on November 1, 1948, for pre-trial hearings. See 12 O.S.A. Chap. 11, at page 539. The pre-trial conference was conducted prior to the effective date of this court's order establishing uniform rules for the trial courts of this state. See 12 O.S.1961, Chap. 2—Appendix, Vol. 1. O.S.1961, page 776.

The trial court plaintiff, Hallock, had filed an action to foreclose a mechanic's lien against an oil and gas leasehold estate. Numerous lien claimants intervened, including Lillard Pipe and Supply, Inc., appellant herein. At the pre-trial conference, counsel for the intervenor, Lillard Pipe and Supply, Inc., stated in open court that his client had sold all of the equipment upon the leasehold to the defendant lessees under a conditional sales contract and that his client, Lillard Pipe and Supply, Inc., would insist upon the property being turned back to it as the conditional vendor, or that it be awarded its value. He further stated that some of the attorneys representing other intervenors had indicated that they would like an opportunity to object, and he then suggested that "if there are any objections to our conditional sales contract and our title to the equipment and our right to the return of the equipment, that they (the other intervenors) be given ten (10) days from the date hereof (Nov. 22, 1961) within which to file their objections" and that their objections be heard at a later date by the trial court to determine the validity of the objections. From the record it appears that this procedure was satisfactory to all attorneys participating in the conference.

The trial judge stated, in pertinent part:

"Now, all parties are here and it appears to me that the only issues that we have are the issue of the conditional sales contract, *if objections are filed within ten days,* and * * *." (emphasis supplied).

When the case came on for trial on January 8, 1962, the attorney for Lillard Pipe and Supply, Inc., complained that the trial court had permitted objections to the conditional sales contract to be filed out of time and more than ten days subsequent to the pre-trial hearing. Its attorney further stated:

"My first contention is that the Court did not exercise authority as provided by law or did not have a right as provided by law to exercise the authority to give the defendant additional time after the counsel had agreed that they would file their objections within ten days. Let the record further show that the objections of Acme Tool Company and/or Great Lakes Petroleum Services and Halliburton were filed on the 5th day of December, 1961, which was thirteen days from the date of the pre-trial. Now, if the Court please, the record will show that we filed a response on behalf of Lillard Pipe & Supply objecting to the filing of these three objections, because of the fact that they were untimely."

"Now, I direct your attention to all the responses filed and the only thing that they say is that they are relying upon Title 60 OSA 319 and they don't say they have any particular reason for not filing their objections timely. * * * Now, my objection to all the responses that have been filed to the conditional sales contract, is that no good reason has been shown and that they are untimely."

The trial judge then said:

"Let the record show that one of the counsel for one of the defendants called. the Court by telephone on Monday the

·4th, being, in the court's interpretation, the final day on which objections could be filed, and the Court by Minute gave · the party leave one additional day in which to file their objections, and the objections were filed on the following day, December the 5th, and the objection of the Intervenor, Lillard Pipe & Supply Corporation, will be overruled."

From a judgment giving the Lillard claim no preference over the other lien claimants, Lillard Pipe and Supply, Inc., has appealed.

Lillard Pipe and Supply, Inc., contends that it was error for the court to extend the time for filing objections to its conditional sales contracts without first requiring the objecting defendants, or intervenors, to show good cause why their objections "could not have been timely filed", and why the pre-trial stipulation should not have been complied with as agreed upon by the parties at the pre-trial. It is said that a pre-trial stipulation is a contract to be construed like other contracts, Evans v. Raper, 185 Okl. 426, 93 P.2d 754; Bruner v. Burch, 179 Okl. 338, 65 P.2d 1215; and should be enforced to protect the dignity and honor of the court. Webster v. Webster, 216 Cal. 485, 14 P.2d 522.

Our attention is invited to Coon v. Jones, Okl., 303 P.2d 425; to Huffman v. Gaylor, Okl., 267 P.2d 564; to Reeves Realty Co. v. Brown, 45 Okl. 737, 147 P. 318; and to our rule of practice for pretrial hearings, 12 O.S.A. Chap. 11, at page 539, supra, wherein we said:

"(5) * * * and such (pre-trial) order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. * * *"

 Lillard Pipe and Supply, Inc., is careful to point out that pre-trial stipulations may be modified or set aside "for good cause shown", but contends that the matter should have been set for hearing "in order to determine if there is good cause for changing the stipulation and, if so, will

it manifest injustice or prejudice to the rights of a party litigant." We think there is sound reason to support this argument. However, under the facts presented here we do not believe we should reverse the trial court for failure to follow this practice.

The stipulation in the instant case involved a matter of procedure, rather than a concession of a right in exchange for another. The author of the annotation, "Relief from Stipulations", reported in 161 A.L.R. at pages 1186 and 1187, has aptly summarized the difference in the following language:

"VI. Relief from particular stipulation

"a. In general

"In Thayer v. Federal L. Ins. Co. (1935) 217 Wis. 282, 258 N.W. 849, the court said: 'Stipulations are of two kinds: First, some are mere admissions of fact, simply relieving a party from the inconvenience of making proof. * * * The setting aside thereof may place the parties in no worse position than they were when the stipulation was made. Second, those which have all the characteristics as concessions of some rights as a consideration for those secured. (Citing Illinois Steel Co. v. Warras (1909) 141 Wis. 119, 123 N.W. 656, supra, IV.). Stipulations of the second class are entitled to all the sanctity of an ordinary contract, and it was held in the case cited that where the status quo cannot be re-established as to one· of the parties, it is only in a plain case of fraud, mistake, or oppression that the court should set it aside.' "

"And in Palliser v. Home Teleph. Co. (1911) 170 Ala. 341, 54 So. 499, the court drew a distinction between stipulations relating to substantive rights and those relating to procedure, stating that counsel in litigation have the right (by statute) to bind parties by agreements in relation to a cause which would not be set aside for any cause less than would warrant the recission

of a contract in general, such as fraud, accident, mistake, or some other ground of a similar nature, but that as to procedure the parties have no power by agreements to bargain away the court's discretion and power of control of the procedure and progress of causes, to the end that justice may be done, and that such agreements can have no more binding force than ordinary orders and judgments of the court.

"b. Procedural matters.

"The cases which deal with questions as to relief from stipulations relating principally to procedural matters reflect in general the distinctions noted in VIa, supra, in that more liberality in the granting of relief as to those matters is evident where no prejudice will result and the best interests and convenience of the parties and expedition of the proceedings will be promoted."

See also 50 Am.Jur. Stipulations, Sec. 14.

It does not appear that the agreed limit of ten days time for the filing of objections to the conditional sales contracts had any bearing upon Lillard Pipe and Supply's substantive rights in this case. No objection was made at the conclusion of the pre-trial conference to the setting of the case on January 8, 1962, and Lillard Pipe and Supply, Inc., does not contend that it was prejudiced for lack of time to respond to the merits of the objections to the conditional sales contract.

We find no reversible error in the action of the trial court under the facts here presented.

Lillard also objects to the fact that although only two or three intervening claimants filed objections to the priority claimed by Lillard under the conditional sales contract, the court permitted these objections to run in favor of all lien claimants. Lillard argues that under the pre-trial stipulations, those parties not filing written objections to the priority claimed by Lillard under the conditional sales contract were there-

after precluded from denying the validity thereof, at least insofar as their own claims were concerned.

In this connection, we observe that the pre-trial stipulations were in the nature of a "round-table discussion among the various attorneys present and the court. They were not formally drawn and executed subsequent to the pre-trial conference, but consist merely of the court reporter's notes of the conversations, later transcribed, signed by the judge, and filed in the case. For these reasons, they are not as definite and clear as they might have been.

■ Although stipulations are unlike ordinary contracts in that no consideration or mutuality is required, they are to be construed like other contracts between parties. Evans v. Raper, 185 Okl. 426, 93 P.2d 754, supra.

■■ On the precise point under consideration (whether the objection of one party would accrue to the benefit of all) the stipulations are not clear. At one point, one of the counsel present said " * * * The only issue is that of mining partnership, unless within ten days *any* objection is filed to the conditional sales contract of Lillard Pipe and Supply" (emphasis supplied). Most of the attorneys participating apparently thought that one objection would be sufficient. At the hearing on Lillard's objections to the late filings, one of the counsel said " * * * throughout the various phone calls between me and the other attorneys * * * we were of the opinion that in the event one objection was filed it would be sufficient to put at issue in this court the question of the conditional sales contract of Lillard * * *".

The trial court, who was present when the stipulations were made, and participated in the discussions which comprise them, was in a much better position than this court to determine the real intention of the parties. On the record before us, we cannot say that his determination of that question contrary to the contentions of Lillard was clearly against the weight of the evidence.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.