WILLIAM EDGAR STAPLES BY HIS DULY APPOINTED GUARDIAN AD LITEM, GARLAND STAPLES, GARLAND STAPLES AND ANITA STAPLES v. WOMAN'S CLINIC OF THE ALBEMARLE, P.A., ALFRED M. MONCLA, M.D., AND ALBEMARLE HOSPITAL, INC.

No. 841SC642

(Filed 19 March 1985)

**Rules of Civil Procedure § 60.2— motion to set aside summary judgment—newly discovered evidence—discovery of expert witness**

Where the parties in a medical malpractice case stipulated that by a specific date plaintiffs would file a complete response to interrogatories as to the identity of their expert witnesses, plaintiffs failed to identify experts as stipulated, and plaintiffs stated in response to a request for an admission that they had no expert to testify against defendant, the trial court did not abuse its discretion in refusing to set aside summary judgment entered for defendant on the ground that plaintiff's subsequent discovery of an expert constituted "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under G.S. 1A-1, Rule 59(b)." G.S. 1A-1, Rule 60(b)(2).

Judge BECTON concurring.

APPEAL by plaintiffs from *Small, Judge*. Order entered 27 January 1984 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 8 February 1985.

Plaintiffs filed a complaint on 3 February 1982 alleging failure of defendant Albemarle Hospital, Inc. (defendant) to provide obstetrical and pediatric care and treatment to plaintiffs mother and child in accordance with the standard of practice among hospitals in similar communities at the time of the treat-

ment. On 1 September 1982 defendant served plaintiffs with inter-rogatories requesting, *inter alia*, information as to expert witnesses who would testify against it. Plaintiffs responded that their experts were "unknown." On 28 December 1982 defendant moved to compel identification of plaintiffs' experts. On 25 January 1982 plaintiffs and defendant stipulated that in lieu of a hearing on defendant's motion plaintiffs would identify their experts by 19 February 1983. Plaintiffs failed to identify experts as stipulated. In response to defendant's 29 March 1983 request for admission plaintiffs stated they had no expert to testify against defendant. In the absence of evidence to support plaintiffs' allegations, the court granted defendant's motion for summary judgment on 31 May 1983.

In August 1983 plaintiffs located an expert witness. On 16 August 1983 they requested relief from the summary judgment order on the ground that discovery of an expert constituted "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [G.S. 1A-1] Rule 59(b)." *See* G.S. 1A-1, Rule 60(b)(2).

The court denied plaintiffs' motion and renewed the order of summary judgment for defendant. It found, pursuant to G.S. 1A-1, Rule 54(b), "that there is no just reason for delay," thus making the order subject to immediate appeal. From that order plaintiffs appeal.

*Clark & Stant, P.C., by Stephen C. Swain and D. Keith Teague, for plaintiff appellant.*

*Harris, Cheshire, Leager & Southern, by Claire L. Moritz, for defendant appellee Albemarle Hospital, Inc.*

WHICHARD, Judge.

Under G.S. 1A-1, Rule 60(b)(2), the court has discretion to relieve a party from a final judgment upon a showing of newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial" within ten days after entry of the original judgment as required by G.S. 1A-1, Rule 59. *Conrad Industries v. Sonderegger,* 69 N.C. App. 159, 161, 316 S.E. 2d 327, 328 (1984). Plaintiffs contend that the court gave no reason for its ruling and "did not even exercise discretion in denying

Plaintiffs' motion." They contend, alternatively, that the court abused its discretion.

> When no reason is assigned by the court for a ruling which may be made as a matter of discretion for the promotion of justice or because of a mistaken view of the law, the presumption on appeal is that the court made the ruling in the exercise of its discretion.

*Brittain v. Aviation, Inc.*, 254 N.C. 697, 703, 120 S.E. 2d 72, 76 (1961). Nothing in this record rebuts the presumption that the court here ruled in the exercise of its discretion. Further, the court couched its ruling in the following language: "the [c]ourt *being of the opinion*, based upon the evidence before it, that the summary judgment in favor of defendant *should* not be rescinded" (emphasis added) renews the order as to defendant. Absent evidence to the contrary, this language appears affirmatively to suggest that the court was acting in its discretion. We therefore do not believe the court acted under the misapprehension that it was bound by the parties' stipulation and was powerless to set aside the summary judgment. Appellate review thus is limited to determining whether the court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E. 2d 532, 541 (1975).

Where as here parties have stipulated that by a specific date they will "file full and complete response to [an] interrogatory answering with particularity each and every request" as to the identity of expert witnesses, and they fail to comply with said stipulation, we find no basis for holding that the court abused its discretion in denying their motion for relief from the judgment entered as a consequence of their failure to comply.

Affirmed.

Judges WELLS and BECTON concur.

Judge BECTON concurring.

Procedural stipulations entered into by counsel are not absolutely binding on the trial court. Thus, summary judgment based on procedural stipulations may be set aside at the discretion of the trial court. Under Rule 16 of the North Carolina Rules of Civil Procedure pre-trial orders, including stipulations, may be

"modified at the trial to prevent manifest injustice." "The Court may . . . set [stipulations] aside, on timely application, for inadvertence, improvidence or excusable neglect by either party if there is no prejudice to the opposite party and it would be inequitable or oppressive to hold the parties to the agreement." *Hester v. New Amsterdam Casualty Co.*, 268 F. Supp. 623, 627 (D.S.C. 1967). *See generally* Annot., 161 A.L.R. 1161 (1946) (relief from stipulations).

The clear distinction drawn between stipulations relating to substantive rights and procedural matters is important. *See Palliser v. Home Tel. Co.*, 170 Ala. 341, 54 So. 499 (1911); 161 A.L.R. 1161, *supra.* Relief from procedural stipulations should be much more liberally granted absent a showing of prejudice to the opposing party. *See Lillard Pipe and Supply, Inc. v. Bailey*, 387 P. 2d 118 (Okla. 1963).

Because and only because of the presumption enunciated in *Brittain*, do I concur with the majority's conclusion.